JOSEPH L. FOLSOM, Respondent, *v.* PERRIN & DODGE, Appellants.

A lease for two years executed by the lessees, and by an agent of the lessors—but who had no *written authority* to do so—is within the 6th section of the Statute of Frauds, and void.

Qu. If the declaration had contained a count for use and occupation.

APPEAL from the Sixth Judicial District, Sacramento County.

The appellant Folsom brought this suit for the recovery of $1200 alleged to be due from defendants for rent. The lease given in evidence was, for two years, of the described premises, and signed by the respondents, and by one Brace as the *agent* of the appellant, who had *no written authority* to execute the lease. The case was tried by a jury, who found for the appellant; and respondent appealed.

The only point considered in this Court was, whether a lease for *two* years would be good, executed by an agent, without *written authority* from his principal?

*Robinson* and *Morrison*, for appellants.

A power to create any interest in land for a longer period than one year, must be in writing; and the Court erred in permitting the lease to go to the jury. Stat. of Frauds, sec. 6; 5 Hill, 107; 10 Paige, 386; 2 Rev. Stat. N. Y. 194; Chitty on Cont. 60, 61, 696; 10 Wend. 31; 2 Hill, 485; Revised Stat. of 1850, sect. 6, p. 267.

—————— ——————, for respondent.

The evidence does not show that plaintiff's agent had no written authority. If he had not such authority, the lessees could not take advantage of it. 2. The want of such authority will not render the lease void; it will be good from year to year. 13 Wend. Rep. 479. The holding over by defendants was a retaking of the premises, according to the terms of the original lease. Ib.

The opinion of the Court was delivered by HEYDENFELDT,

Justice; MURRAY, Chief Justice, and ANDERSON, Justice, concurring.

The 6th section of the Statute of Frauds declares "no estate or interest in lands, other than leases for a term, not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing."

The lease which is the inducement in this action, was for a term of two years, and the agent of the plaintiff, who executed it, had no written authority to do so. It must consequently be considered within the meaning of the act above recited, and therefore invalid.

The plaintiff's counsel contends, that the want of written authority does not render the lease absolutely void, and that it will operate as a lease from year to year.

The argument would have much weight if there was a count in the declaration for use and occupation as upon a parol demise from year to year; such however is not the case; the averments are of a lease creating a term of two years, and there is no such lease.

Judgment reversed, and cause remanded.