[No. 19418.    Department One.—March 30, 1895.]

## JOSE BORDERRE, Appellant, *v.* A. H. DEN et al., Respondents.

Time for Appeal—Dismissal.—An appeal from a judgment not taken within one year from the time of the entry of the same must be dismissed

Id.—Review of Findings—Conflicting Evidence.—Where the findings of the court are as general in their statements as the pleadings themselves, any material conflict appearing in the evidence must be resolved in such manner as to sustain the general conclusions found as facts by the court.

Agency—Unauthorized Lease.—An agent empowered to lease a tract of land for one year at a specified rental cannot make a lease, either oral or written, obligatory on his principal, for a portion of the land at a less rental for a term exceeding one year.

Id.—Authority of Agent—Statute of Frauds.—The authority of an agent to make a lease for a period in excess of one year must be in writing, and cannot be conferred by oral contract.

Id.—Void Lease.—A lease by an agent exceeding the term of one year cannot operate as a valid lease for one year, the agent's authority not being in writing.

Id.—Lease by Owner—Ratification of Void Lease—Want of Power. Where the owner of land, without knowledge of a lease made by an agent without authority, has rented the land to another, no power remains in him to ratify the previous unauthorized act of his agent so as to warrant a recovery of the land by his lessee from the lessee of the owner.

Id.—New Trial—Surprise—Contents of Lease—Want of Diligence —Discretion.—Where the validity of a lease for more than one year

is in controversy in an action of ejectment, the failure of the plaintiff and his counsel to acquaint themselves before the end of the trial with the fact that the lease was for a period of more than one year, the lease being the foundation of the plaintiff's action, and being in their possession and produced in evidence by them, is not a surprise which ordinary prudence could not have guarded against; and, where the affidavits upon motion for a new trial, upon the ground of surprise, do not show why application was not made for leave to amend when the defect in the document was first discovered, so as to have a reformation of the lease before the final submission of the cause, the refusal of the court to grant a new trial upon the ground of surprise is not an abuse of discretion.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial.

The facts are stated in the opinion.

*B. F. Thomas*, for Appellant.

The new trial should have been granted on the ground of surprise, as the discovery that the lease was in excess of one year was not made until after its introduction in evidence, it having been admitted in evidence as a valid lease. (See *Carpentier* v. *Small*, 35 Cal. 346; *Hartson* v. *Hardin*, 40 Cal. 266.) The court should be liberal in granting new trials on the ground of mistake. (*Robertson* v. *Williams*, 81 Cal. 268; see Hayne on New Trial and Appeal, sec. 81.) The telegram from A. H. Den to E. R. Den asking for money with a full knowledge of the lease that E. R. Den had made constituted a ratification of the lease. (Civ. Code, sec. 2310; Wharton on Agency, secs. 72, 77, 83, 84, 87, 89; Story on Agency, 9th ed., secs. 242, 250, 253, 256, 259; Ewell's Evans on Agency, *49, *64, *65, *68; *Borel* v. *Rollins*, 30 Cal. 414; *Delano* v. *Jacoby*, 96 Cal. 280; 31 Am. St. Rep. 201, and cases cited; *Brock* v. *Pearson*, 87 Cal. 581; *Ralphs* v. *Hensler*, 97 Cal. 296; *Murray* v. *Mayo*, 157 Mass. 248; *Taylor* v. *Conner*, 41 Miss. 722; 97 Am. Dec. 419, and cases cited in notes.) The court erred in holding the lease invalid because made for five days in excess of a year. The five days excess can be readily separated

from the year's time; that being so, the lease for a year is valid. (Civ. Code, sec. 2333; see Story on Agency, 9th ed., secs. 166–70; Ewell's Evans on Agency, *170; Wharton on Agency, secs. 156, 270; Wood's Landlord and Tenant, sec. 137; Taylor on Landlord and Tenant, 6th ed., sec. 138; *Granger* v. *Original Empire etc. Co.*, 59 Cal. 678; 1 Greenleaf on Evidence, 300; 4 Kent's Commentaries, 11th ed., 116; *Campbell* v. *Leach*, Amb. 740; 1 Sugden on Powers, c. 9; 18 Am. & Eng. Ency. of Law, 921–23.)

*Boyce & Taggart*, and *John J. Boyce*, for Respondents.

The appeal from the judgment should be dismissed, not having been taken within a year from the entry of judgment. (*Fairchild* v. *Daten*, 38 Cal. 286; *Perkins* v. *Cooper*, 87 Cal. 241; *Coward* v. *Clanton*, 79 Cal. 26; *McShane* v. *Carter*, 80 Cal. 310; *Bienenfeld* v. *Fresno Milling Co.*, 82 Cal. 425; Hayne on New Trial and Appeal, sec. 204.) The plaintiff was not entitled to a new trial on the ground of surprise. The carelessness or negligence of an attorney cannot be used as the basis for the granting of a new trial. (Hayne on New Trial and Appeal, sec. 80; *Smith* v. *Tunstead*, 56 Cal. 177.) It is only when the surprise arises under circumstances such as ordinary prudence could not have guarded against that a new trial should be granted. (*Patterson* v. *Ely*, 19 Cal. 35, 36; *Sanford Mfg. Co.* v. *Wiggin*, 14 N. H. 441; 40 Am. Dec. 198, 202, 203.) If counsel are misled on account of negligence and want of ordinary care and attention to the matter in hand this relief will not be granted. (*Fears* v. *Albea*, 69 Tex. 437; 5 Am. St. Rep. 78.) Ignorance of the law or the legal effect of a document, on the part of the attorney, is not a sufficient ground for a new trial. (*Fuller* v. *Hutchings*, 10 Cal. 523; 70 Am. Dec. 746; *Klockenbaum* v. *Pierson*, 22 Cal. 160; 16 Am. & Eng. Ency. of Law, 532–34; *Schellhous* v. *Ball*, 29 Cal. 605; *Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 416; *Heath* v. *Scott*, 65 Cal. 548; *Bailey* v. *Richardson*, 66 Cal. 416.) The action of the court in granting

or denying a new trial on the ground of surprise will
be reversed only where a gross abuse of discretion is
shown.    (*Smith* v. *Richmond*, 15 Cal. 502; *Schellhous* v.
*Ball, supra; Nooney* v. *Mahoney*, 30 Cal. 226.)    Surprise,
in its legal sense, must not be the result of disappoint-
ment at the decision, and first disclosed after that event,
if any prior opportunity to present it was afforded.
(*Dewey* v. *Frank*, 62 Cal. 343.)    The lease, being for a
longer period than the agent was authorized to make it,
was void.    (*Folsom* v. *Perrin*, 2 Cal. 603; Ewell's Evans
on Agency, 87; *Reeder* v. *Sayre*, 70 N. Y. 180; 26 Am.
Rep. 567; *McKenzie* v. *Harrison*, 120 N. Y. 260; 17 Am.
St. Rep. 638; *Coudert* v. *Cohn*, 118 N. Y. 309; 16 Am. St.
Rep. 761.)    The lease being void, the relation of land-
lord and tenant did not exist, as there was no entry by
the tenant into the possession of the property.    (Wood's
Landlord and Tenant, sec. 225; *Talamo* v. *Spitzmiller*,
120 N. Y. 37; 17 Am. St. Rep. 607; *Thomas* v. *Nelson*,
69 N. Y. 118; *Laughran* v. *Smith*, 75 N. Y. 205.)    In
such a case, where there is no entry by the tenant, the
payment of rent is not sufficient part performance to
authorize relief to be granted.    And the same rules
that govern the specific performance of contract for
the purchase of interest in real property control in
respect to leases.    (*McCarger* v. *Rood*, 47 Cal. 138; *Clark*
v. *Clark*, 49 Cal. 586; *Bard* v. *Elston*, 31 Kan. 274.)
The same rules govern contracts for the purchase of
land which are within the statute of frauds.    (*Edwards*
v. *Estell*, 48 Cal. 194; *Forrester* v. *Flores*, 64 Cal. 24; 8
Am. & Eng. Ency. of Law, 742.    See, also, Sedgwick &
Wait's Trial of Title to Land, sec. 379; *Rosenblat* v.
*Perkins*, 18 Or. 156; *Koplitz* v. *Gustavus*, 48 Wis. 48;
*Beller* v. *Robinson*, 50 Mich. 264; *Wallace* v. *Scog-
gins*, 18 Or. 502; 17 Am. St. Rep. 749, 752, and
note.)    The fact that the lease was for only five days in
excess of a year is immaterial, for, it being for more than
one year, the agent must have had authority in writing
in order to render it valid.    (Code Civ. Proc., sec. 1973,
subd. 1; Civ. Code, sec. 1624, subd. 1; *Wolf* v. *Dozer*, 22

Kan. 436; *Phipps* v. *Ingraham*, 41 Miss. 256; *White* v. *Holland* (Or., Feb. 24, 1884), 3 Pac. Rep. 573; *Reeder* v. *Sayre, supra; McKenzie* v. *Harrison, supra; Coudert* v. *Cohn, supra.*) There was no ratification of the lease, as the essential elements of ratification, under the circumstances shown here, were entirely lacking. An absolutely void act cannot be ratified, nor can a principal ratify an act which he could not have authorized in the first instance. (1 Am. & Eng. Ency. of Law, 430.) When, therefore, the adoption of any particular form or method is necessary to confer the authority in the first instance, there can be no valid ratification except in the same manner. (*McCracken* v. *City of San Francisco*, 16 Cal. 624; Mechem on Agency, sec. 114.) When written authority to do the act is required, written ratification must appear. (Mechem on Agency, sec. 136.) The defendant Den did not ratify the lease by the sending of the telegram to his agent, as at that time he had no power to ratify it, having already leased the premises to another, for the same term, who had entered into possession, so that he was absolutely incapable in law of making such a lease himself. (Mechem on Agency, sec. 126; *Wood* v. *McCain*, 7 Ala. 800; 42 Am. Dec. 612.)

BRITT, C.—Appeal from a judgment in favor of defendants and an order denying plaintiff's motion for a new trial. The appeal from the judgment was not taken within one year from the time of entry of the same and must be dismissed.

The action is ejectment for a tract of land in Santa Barbara county, and for the recovery of damages for loss of the use thereof. In his amended complaint plaintiff alleges himself to be the owner of an estate for years in the land therein described, "to wit, one year from and after" April 25, 1892; that on May 14, 1892, defendants ousted him from the possession of said land, etc. The answer consists of denials of the material allegations of the complaint, and the findings of the court are as general in their statements as the pleadings themselves.

In this condition of the judgment-roll, of course any material conflict appearing in the evidence—which in this instance is brought up in a statement of the case on motion for a new trial—must be resolved in such manner as will sustain the general conclusions found as facts by the court. So treated, the evidence discloses that defendant A. H. Den was the owner of a larger tract of land, which included the parcel described in the complaint, and that on April 23, 1892, being about to depart for a brief period of absence from the county where the land is situated, he orally authorized one E. R. Den, his brother, to lease the whole of his land for the period of one year, to begin upon the expiration of a then subsisting lease of a part of the tract, in the month of November next to follow, the rental to be the sum of six hundred dollars, payable in advance. On April 25, 1892, E. R. Den, assuming to act as the agent of his brother, the said defendant, and having no authority except as above shown, executed in the name of A. H. Den a written lease to the plaintiff, Borderre, of a part only of the tract for the sum of two hundred and twenty-five dollars (then paid by plaintiff to said agent), for a term " from the twenty-fifth day of April, 1892, to the first day of May, 1893." The premises described in the instrument just mentioned are those for which plaintiff sues here, and his claim is founded on such written lease. He never had possession of the land.

About April 29, 1892, and before defendant Den had any information of the said written lease, he, in person, leased the land in suit for the period of one year to his codefendant, Orella, who it seems also had no knowledge of a lease to plaintiff, and Orella at once entered into possession. On May 9, 1892, after defendant Den had knowledge of the terms of the written lease to the plaintiff—he having then seen and read it—and knew of the payment of the specified rental by plaintiff, he sent a telegram to said E. R. Den, in the following words: " What have you done with the money you collected?" [Signed],

"A. H. Den." To which E. R. Den replied by wire: "Your money is safe." But a few days later, on the occasion of a personal interview between the brothers, the defendant Den refused to receive such money, or any part of it, though it was then tendered to him.

1. Obviously the agent transcended his authority in executing the written lease; being empowered to let the whole tract for one year, commencing in November, 1892, at a rental of six hundred dollars, he could not made a lease, either oral or written, obligatory on his principal, for a portion only of the land, at a rental of two hundred and twenty-five dollars for a term exceeding one year, commencing in April, 1892. Besides, the lease being for a period in excess of one year, and the authority of the agent not being in writing, it was, for that further reason, invalid. (Civ. Code, sec. 1624, subd. 5; *Folsom* v. *Perrin*, 2 Cal. 603.) Nor could it, as claimed by appellant, even if it pursued the terms of the agent's oral authorization, operate as a valid lease for one year. (See *Talamo* v. *Spitzmiller*, 120 N. Y. 37; 17 Am. St. Rep. 607.) "It is difficult to perceive how such a contract, declared to be void by the statute, can be held to be valid for a single hour." (*Thomas* v. *Nelson*, 69 N. Y. 121.)

2. But the appellant maintains that the lease was ratified by defendant Den. Such alleged ratification is asserted on the effect of the telegram sent by him to his agent on May 9, 1892, and on certain oral declarations attributed to him, but which he testified that he did not make. We see no ground for holding that the lease was ratified. When defendant sent said message he had already rented the land to Orella, and no power remained in him to ratify the previous unauthorized act of his agent so as to warrant a recovery of the land from Orella. (Civ. Code, secs. 2312, 2313.) There was no attempt to ratify the lease "in the manner that would have been necessary to confer an original authority," nor any acceptance of the benefit of the same. (Civ. Code, sec. 2310.)

3. It is further contended that the court should have granted the motion for a new trial on the ground of surprise suffered by plaintiff; the alleged surprise being predicated of the facts that the plaintiff and said E. R. Den both supposed that the written lease was for a term of one year only—from May 1, 1892, to May 1, 1893— they having agreed verbally on such a contract, and believing that it had been so drawn, and that they did not discover any thing to the contrary until after the trial of this action, and that plaintiff's counsel had not read the entire lease, and so did not discover that it embraced a term in excess of one year until near the conclusion of the oral argument; that if he had known of that circumstance he would have pleaded the mistake in his complaint — we suppose with a view to reformation of the instrument, and that he was misled by the action of the court in admitting the document in evidence over the objections of defendants, and afterward holding it to be invalid.

Assuming, without deciding, that we are authorized to consider the affidavits by which the alleged surprise is made to appear, it is yet clear that the failure of the plaintiff and his counsel to acquaint themselves before the end of the trial with that important clause of the comparatively brief instrument which is the foundation of the plaintiff's action, it being in their possession and produced in evidence by them, was not "surprise which ordinary prudence could not have guarded against." (Code Civ. Proc., sec. 657.)  Nor is it shown why application for leave to amend, if that was desired, was not made when the defect in the document was first discovered, and before the submission of the case; certainly the discretion allowed to the trial court in passing upon applications for new trial on such ground has not been abused in this case.

There is no merit in the appeal. The appeal from the judgment should be dismissed, and the order denying the motion for a new trial should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the appeal from the judgment is dismissed and the order denying plaintiff's motion for a new trial is affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.