AUGUST SCHUMACHER v. PABST BREWING COMPANY.

November 14, 1899.

Nos. 11,795—(53).

Lease—Authority of Agent.

> An agent, authorized to negotiate for or make a lease for three years, made one for three years with the privilege to the lessee of a renewal for two years more. On the evidence, *held*, the alleged lessor never ratified the unauthorized lease so made.

Breach of Contract—Meeting of Minds.

> The alleged lessor subsequently offered the alleged lessee a new lease for the period of three years, but, before the offer was accepted, it was withdrawn. In an action by such lessee for damages for breach of the contract, in refusing to permit him to take possession, *held*, the minds of the parties never met, no contract of leasing was ever made between them, and plaintiff cannot recover.

Action in the district court for Carlton county to recover $2,100 damages for failure to deliver possession under a lease and $20 for moneys paid and repairs made at defendant's request. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $546.14; and from an order denying a motion for a new trial, or that judgment be entered in favor of plaintiff for $6.14, notwithstanding the verdict, defendant appealed.   Reversed.

*Schmidt, Reynolds & Mitchell*, for appellant.

*Baldwin & Baldwin*, for respondent.

CANTY, J.

The complaint alleges that plaintiff rented of defendant a certain store building, together with certain saloon furniture and fixtures to be placed therein by defendant; that plaintiff agreed to pay there-

for as rent the sum of $15 per month; that the term of the lease was for three years, with the privilege of renewal for the term of two years more on the same terms and conditions; that, after making the lease, defendant refused to permit plaintiff to take possession of the premises; that the reasonable rental value of the same for said term is $50 per month; and plaintiff demands damages for the breach of the contract in refusing to permit him to take possession. The answer is a general denial. On the trial, plaintiff had a verdict, and from an order denying a new trial defendant appeals.

One Rickford was the agent of defendant at Duluth. The premises in question are at Carlton, and in October, 1897, were vacant and unoccupied. Rickford went to Carlton, examined the property, and on October 23, 1897, reported by letter to defendant, at Milwaukee, Wisconsin, that plaintiff wanted to rent the building for three years at $15 per month; the building to be repaired, and certain saloon furniture and fixtures placed in the same. On October 25 defendant answered. The letter is somewhat vague in its terms, but, for the purposes of this case, we will concede that, as plaintiff contends, such letter gave Rickford authority to negotiate with plaintiff for a lease for three years. On receipt of this letter by Rickford, a lease was drawn up, by the terms of which defendant leased the premises to plaintiff for the term of three years from and after November 1, 1897, with the right to plaintiff to a renewal of the lease on the same terms for two years more. Rickford executed this lease in the name of defendant, and plaintiff signed it also. Rickford then sent the lease to Milwaukee, to defendant, who promptly thereafter, on October 30, wrote him a letter repudiating the lease.

Thereafter, on November 2, defendant again wrote Rickford, requesting him to get plaintiff to sign inclosed copies of a proposed lease with plaintiff for a term of three years from November 1, signed by defendant's executive officers. Rickford presented these copies to plaintiff for signature, and informed him that defendant had repudiated the first lease, but there is a conflict of testimony as to when this was done. Rickford testified that he did so on or about November 12, while plaintiff testified that it was after November 26. In the meantime defendant had consigned the saloon fixtures to plaintiff from Milwaukee. He refused to pay the freight

on them, but did pay some other items of expense incurred by him for and on account of defendant in fitting up the premises for a saloon, but these things were not done in pursuance of the alleged contract of leasing. About December 1 Rickford again called on plaintiff, and requested him to sign the new lease. There is a conflict of testimony as to what then occurred. Rickford testified that plaintiff refused to sign it, while the latter testified that he did not refuse to sign it, but took it over to see his wife about it, with Rickford's consent, and when he returned Rickford was gone. The premises were shortly afterwards rented to another party.

In our opinion, the evidence will not warrant a finding that Rickford had authority to insert the renewal clause in the first lease, or authority either to make or negotiate a lease for a longer time than three years. We are also of the opinion that the evidence will not warrant a finding that defendant ever ratified the first lease, or any negotiations of Rickford for a lease for any longer time than three years; and the court below charged the jury that plaintiff was not entitled to recover damages for any longer period than such three years. But if Rickford had no authority to make a lease for more than three years, and the first lease, containing such renewal clause, was never ratified by the defendant, then the minds of the parties never met, and no lease or agreement for a lease was ever made at all. Plaintiff supposed that he was getting what was practically a five-year lease, while there was no authority to grant him more than a three-year lease, or agreement for the same. Under these circumstances, plaintiff was never bound by any lease or agreement for a lease at all, and therefore cannot insist that defendant was bound. According to plaintiff's own testimony, he never accepted the three-year lease that was offered him, and before he got ready to accept it the offer of it was by defendant withdrawn, and a lease made to another party. Then plaintiff cannot recover for a breach of a contract which was never entered into. This renders it unnecessary to consider any of the other questions raised.

The order appealed from is reversed, and a new trial granted.