## SUPREME COURT.

### LIPPENCOTT AND OTHERS agt. GOODWIN.

There is but one safe rule in stating actions or defences, and that is, to indicate distinctly, by *fit and appropriate words, where the cause of action or statement of defence commences and where it concludes.* (*See Benedict agt. Seymour,* 6 *How. P. R.* 298.)

*Ontario Special Term, May,* 1853.   Motion to strike out a portion of the answer.   The facts are sufficiently referred to in the opinion which follows, for the understanding of the decision.

S. W. SALISBURY, *for Plaintiffs.*

H. D. GOODWIN, *Defendant, in person.*

WELLES, Justice.—All the answer, after the general traverse at the commencement, except the new matter set up in avoidance, stating for what the note, upon which the action was brought, was given, and alleging the violation by the plaintiffs of the agreement upon which the note was given, is clearly redundant, and should be stricken out.   The denial of each and every allegation in the complaint, puts the plaintiff upon the

Lippencott and others agt. Goodwin.

proof of his whole case. The subsequent denials of particular allegations, are but repetitions of what was fully denied before, and authorize no evidence but what was admissible under the general traverse. The defence of new matter which the defendant has set up in his answer, if properly set out and pleaded, might perhaps be a good bar, at all events if it was introduced and stated as a single and entire defence, it would not be struck out on motion on the ground of its insufficiency, but the plaintiff would be left to his demurrer if he regarded it insufficient. But it is not so stated. It is introduced in the following form: "and the defendant further says that," &c. That is the way the various statements are made of a defence consisting of a number of facts which constitute a single defence. It is impossible to say from the form of this whole answer, whether the defendant intended it as one single defence, or for several, and if several, how many, and where each begins or ends. There is but one safe rule to follow on this subject, in regard to the complaint or answer; and that is for the pleader to indicate distinctly, by fit and appropriate words, where his cause of action or statement of defence commences, and where it concludes; and not to leave to the court or opposite attorney the labor of analysing the pleadings, or of collating the statements of the causes of action or defences. In the case of Benedict agt. Seymour, (6 *How. Pr. R.* 298,) Mr. Justice SELDEN, in a very able and well considered opinion, has given the reasons of this rule—in the whole of which I fully concur.

The motion is therefore granted, with ten dollars costs, upon payment of which in twenty days, the defendant is to be at liberty to amend his answer.

NOTE.—The above decision was affirmed on appeal to the General Term, at Auburn, in June, 1853, and for the reasons above stated.