[No. 15192.  Department One.—December 21, 1893.]

## CHRISTENA HENKE, RESPONDENT, *v.* THE EUREKA ENDOWMENT ASSOCIATION OF CALIFORNIA, APPELLANT.

CONTRACT—PRESUMPTION OF CONSIDERATION OF WRITTEN INSTRUMENT—
    PLEADING.—A complaint which alleges that a corporation defendant executed a contract in writing whereby it promised and agreed to pay the plaintiff on a given date a certain sum of money, states facts from which the law presumes a consideration, and the failure specially to allege a consideration for the written contract is not ground of demurrer, though the contract is not set out in *hæc verba.*

ID.—PRESUMPTION OF LAW.—Presumptions of law need not be averred in a complaint.

ID.—MATTER OF INDUCEMENT—AMBIGUITY.—Matter of inducement leading up to the written contract upon which the cause of action is based does not render the complaint ambiguous, uncertain, or unintelligible.

ID.—REDUNDANT ALLEGATIONS.—That a complaint alleges facts which are redundant is not a cause for demurrer.  The proper remedy in such a case is a motion to strike out.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Taylor & Craig*, for Appellant.

The complaint is ambiguous, as it cannot be determined therefrom whether the plaintiff seeks to recover by virtue of the endowment certificate or by virtue of the contract, and it is no answer to this objection to say that if either of the averments is true the plaintiff has alleged a cause of action. (*Jamison* v. *King*, 50 Cal. 136.) The complaint is unintelligible in that it fails to allege a consideration for the defendant's promise. (1 Chitty on Pleading, p. 293; *Curley* v. *Dean*, 4 Conn. 265; 10 Am. Dec. 140; *Douglass* v. *Davie*, 2 McCord, 218; *Goddard* v. *Fulton*, 21 Cal. 437.) The complaint is uncertain, because it does not show whether there is any mutuality rendering the alleged promise of the defendant binding upon it. (*Comstock* v. *Breed*, 12 Cal. 288.) It is also uncertain, because it fails to show whether, according to the maturity table of the company, a cause of action had accrued. (*Rogers* v. *Cody*, 8 Cal. 324; *Sanders* v. *Whitesides*, 10 Cal. 90; *Tarpey* v. *Shillenberger*, 10 Cal. 390; *Gibbons* v. *Scott*, 15 Cal. 286; *Dodge* v. *Clark*, 17 Cal. 588; *Barron* v. *Frink*, 30 Cal. 488; *Jenner* v. *Stroh*, 52 Cal. 506; *Pierce* v. *Whiting*, 63 Cal. 539. The complaint does not state facts sufficient to constitute a cause of action, as it does not show the performance of conditions precedent. (*Tarpey* v. *Shillenberger*, 10 Cal. 390; *Dodge* v. *Clark*, 17 Cal. 588.)

*Sullivan & Sullivan*, for Respondent.

The complaint states a cause of action. It was not necessary to allege a consideration in support of the contract sued on, as it imported a consideration. (Civ. Code, sec. 1614; *McCarty* v. *Beach*, 10 Cal. 462; *Wills* v. *Kempt*, 17 Cal. 99; 1 Chitty on Pleading, p. 221; Bliss on Code Pleading, p. 175.)

SEARLS, C.—The respondent, Christena Henke, brought this action to recover $600.

The complaint avers in substance that the defendant is a corporation, organized and having for its object the

payment to its members of certain sums of money at stated times as periodical installment endowments; that on the eighth day of February, 1889, plaintiff became a member of said corporation defendant, and received from it, duly executed, etc., an endowment certificate by which she became, and still is, entitled to all the rights and privileges of membership, and to participate in the endowment fund in the amount of $6,000, to be paid at ten stated periods, computed according to the maturity table of the constitution of defendant, in ten respective amounts not to exceed $600 each; that defendant thereupon duly executed a certain contract in writing whereby it promised and agreed to pay plaintiff, on the second day of January, 1892, the sum of $600. That no part of said sum has been paid.

Wherefore plaintiff asks judgment for $600 and costs of suit.

Defendant demurred to the complaint, upon the grounds:

1. That it did not state facts sufficient to constitute a cause of action.

2. That the complaint is ambiguous, in that it cannot be determined whether plaintiff seeks to recover by virtue of the endowment certificate of February 8, 1889, or by virtue of the contract.

3. That it is unintelligible, in that it does not allege any consideration for the contract to pay plaintiff $600.

4. That the complaint is uncertain, because it cannot be determined therefrom:

(*a*) Whether there is any mutuality rendering the alleged promise binding;

(*b*) Whether plaintiff ever performed the, or any, act or acts on her part necessary to perfect a cause of action upon the contract;

(*c*) Whether, according to the maturity table of the constitution of defendant, a right of action upon the promise of defendant had accrued to plaintiff.

The demurrer was overruled by the court, and leave given defendant to answer.

No answer was filed, and judgment was in due time entered in favor of plaintiff for $600 and costs, from which judgment defendant appeals.

The case comes up on the judgment-roll, and the only question made is upon the propriety of the order of the court below in overruling the demurrer.

The first contention of appellant is that no consideration is alleged in the complaint for the execution by defendant of the agreement upon which a recovery is sought.

Section 1614 of the Civil Code provides that "A written instrument is presumptive evidence of a consideration."

It is a familiar rule of pleading under our code system that every fact which a plaintiff will be called upon to prove at the trial must be averred in his complaint. It is equally a rule that presumptions of law should not, or at least need not, be stated.

When the plaintiff averred in her complaint that the defendant executed a contract in writing wherein it promised, at a given date, to pay her a certain sum of money she stated facts from which the law presumed a consideration, hence it was unnecessary to aver it specially.

A like presumption was indulged as to sealed instruments and negotiable paper long before the adoption of our code, and, as to such instruments and paper, no special averment of a consideration was necessary. (*McCarty* v. *Beach*, 10 Cal. 462; *Wills* v. *Kempt*, 17 Cal. 99.)

Counsel for appellant admit the force of section 1614 of the Civil Code, but contend that it only applies in those cases where the contract is set out *hæc verba*.

We do not so understand it. The practice of setting out copies of papers upon which actions were founded in the declaration did not prevail at common law; the practice being to plead an instrument according to its legal effect. Chitty, in his work on Pleadings, declares it is not necessary to aver a consideration in those cases

where the law implies it, and gives a form of declaration upon a bill of exchange, in which the bill is set out according to its legal effect, and in which no consideration is averred.

Bliss, in his work on Code Pleadings, after stating the rule that a consideration should be averred except in cases where at common law the instrument, such as deeds and negotiable promissory notes, imported a consideration, proceeds to state the exception which prevails in those states where by statute a different rule has been established, and, after quoting section 1614 of our Civil Code, adds: "Thus the pleader is relieved of the necessity of averring consideration, leaving the want of it to be set up as a defense when authorized by statute." (Bliss on Code Pleadings, secs. 268, 269.)

The necessity of pleading a consideration for the contract is obviated by the fact that it is in writing, and not by the mode of pleading it. The cases of *Douglass* v. *Davie,* 2 McCord, 218, and *Goddard* v. *Fulton,* 21 Cal. 437, cited by appellant, are not in point.

It is quite apparent from the complaint that the cause of action is based upon the written contract to pay, and that the allegations of membership by plaintiff in the defendant corporation, issuing to her an endowment certificate, and her right as a member to participate in the endowment fund, etc., are but inducement to the contract upon which she counts, and does not render the complaint ambiguous, uncertain, or unintelligible.

That most, if not all, of this matter is redundant, and might have been stricken out as such under section 453 of the Code of Civil Procedure, is highly probable, but is not a cause for demurrer.

The other objections are without merit.

The judgment appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

GAROUTTE, J., PATERSON, J., HARRISON, J.