## YOUNGLOVE v. CUNNINGHAM.

### S. F. No. 264; February 18, 1896.

#### 43 Pac. 755.

Note—Pleading.—In an Action on a Note, the Complaint need not specially aver a consideration.

Appeal.—Where an Appeal Appears to be Frivolous, a mere oral assurance in argument that it was taken in good faith is insufficient to avoid the imposition of damages, but such assurance must find some support in the record.

APPEAL from Superior Court, Santa Cruz County; J. H. Logan, Judge.

Action by Dwight Younglove against James F. Cunningham on a promissory note. From a judgment for plaintiff, defendant appeals. Affirmed.

Spalsbury & Burke for appellant; Z. N. Goldsby for respondent.

PER CURIAM.—Action upon a promissory note. Judgment went for plaintiff, and defendant appeals therefrom upon the judgment-roll. The single point made in support

of the appeal is that the lower court erred in overruling a general demurrer to the complaint, the contention being that there is no averment in the complaint of a consideration for the execution of the note, and that hence there is a failure to state a cause of action. There is nothing whatsoever of merit in the point. It is not essential to the statement of a cause of action founded upon a contract in writing to specially aver a consideration. The writing imports a consideration (Civ. Code, sec. 1614), and the presumption thus arising is one of law, which is not required to be averred (Henke v. Association, 100 Cal. 429, 34 Pac. 1089). Appellant in fact conceded at the oral argument that his contention was untenable, but, in response to the demand made by respondent for damages as for a frivolous appeal, urged that when the appeal was taken, it was taken in good faith, and in the honest conviction that the point involved error. This assurance should come from the record, or at least find some semblance of support therein, which the record before us entirely fails to furnish. A party cannot be permitted to avoid the consequences of a wholly groundless appeal by indulging himself in a mere unsubstantial belief that there is merit in his case, when the slightest investigation would have assured him to the contrary. Such excuse, if held good, would require us to recall every penalty ever imposed in a like case. The judgment is affirmed, with $100 damages, to be recovered by respondent as a part of his costs of the appeal.