Argued 21 July; decided 11 August, 1902.

### GARDNER *v.* McWILLIAMS.

[69 Pac. 915.]

PLEADING—SEPARATE STATEMENT OF DIFFERENT DEFENSES.

New matter constituting a defense must be complete within itself, and must contain all that the pleader relies upon to answer the cause of action, or part of a cause, to which it is directed; but matters of explanation or inducement common to several counts may be repeated by reference thereto after they have been once set out. This case affords an occasion for the application of both rules. In an action to recover for pasturing stock, defendant answered as a first defense that he rented the premises to plaintiff, and that as a part of the consideration it was agreed that his stock might roam on said premises without expense to defendant, and that such stock was left

on the premises pursuant to such agreement. The answer then continued: "Defendant, for a second, separate, and further answer to the complaint herein, here repeats the first separate answer herein, and makes the same a part of this answer, and further alleges," and then set forth certain acts of waste to such premises, committed by plaintiff, to defendant's damage in a sum stated. *Held,* that the matter of the free use of the leased land had no connection with the acts of waste, and their statement under one defense was a violation of Hill's Ann. Laws, § 73, requiring defenses to be separately stated.

From Douglas: JAMES W. HAMILTON, Judge.

This is an action by John W. Gardner against D. C. McWilliams to recover money. It is alleged in the complaint that plaintiff pastured certain horses and cattle for defendant at his request from September 1, 1900, to March 6, 1901, for which he promised to pay a reasonable sum; that such pasturage was reasonably worth $261.02, no part of which has been paid. For a second cause of action, it is alleged that about December 15, 1900, plaintiff loaned defendant $8.50, which he promised to pay the next day, but that he failed to pay any part thereof. The answer, having denied the material allegations of the complaint, alleged as a separate defense to the first cause of action that about August 29, 1900, defendant demised to plaintiff, for the term of one year, certain land in Douglas County, for the use of which the latter agreed to pay the sum of $275 per annum, stipulating to take good care of the premises and of the buildings and improvements thereon, and to surrender the property at the termination of the lease in as good condition as when received, the usual wear and decay and the destruction thereof by the elements alone excepted; that, as part of the consideration for said lease, it was agreed that plaintiff should permit defendant's stock to roam upon the demised premises until April 1, 1901, without expense to him, and, in pursuance thereof, said stock, which comprises the horses and cattle described in the complaint, were left on the leased land until March 7, 1901. "Defendant, for a second, separate, and further answer to the complaint herein, here repeats the first separate answer herein, and makes the same a part of this answer, and further alleges," in substance, that plaintiff broke the covenants in said lease

to be kept and performed by him, in that he made a hogpen out of the cellar, injuring it, and destroying a milk safe therein; that he removed a fence inclosing an orchard, allowing the hogs and cattle to run therein, breaking down the branches, and killing many of the trees; that he defaced the dwelling on said premises by knocking holes in the plaster, and by tearing off the paper and lining in some of the rooms, to defendant's damage in the sum of $495. The court, upon plaintiff's motion, struck out the second separate defense, on the ground that the facts alleged therein were not separately stated, and, the defendant having declined to amend his answer, a reply put in issue the remaining allegations of new matter therein. The trial resulted in a judgment for plaintiff in the sum of $198.50, and defendant appeals.      AFFIRMED.

For appellant there was a brief over the names of *John T. Long* and *Andrew M. Crawford,* with an oral argument by *Mr. Long.*

For respondent there was a brief and an oral argument by *Mr. Dexter Rice.*

MR. CHIEF JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by defendant's counsel that the reference in the second separate defense to the facts thereinbefore stated in the answer was an allusion to matters of inducement only, which were thus properly incorporated in, and became a part of, the second separate defense, and that, this being so, the court erred in striking out the latter defense. The statute prescribing the manner of averring new matter in an answer, so far as material herein, is as follows: "The defendant may set forth by answer as many defenses and counterclaims as he may have. They shall be separately stated, and refer to the causes of action which they are intended to answer in such manner that they may be intelligibly distinguished": Hill's Ann. Laws, § 73. It is also provided that the plaintiff may · demur to one or more defenses or counterclaims, and reply to

the residue: Hill's Ann. Laws, § 77. Construing these provisions *in pari materia,* there remains little room for doubt that new matter constituting a defense must be complete in itself, and must contain all that is necessary to answer the whole cause of action, or that part of it to which it is addressed: *Xenia Branch Bank* v. *Lee,* 7 Abb. Prac. 372; *Ayrault* v. *Chamberlain,* 33 Barb. 229; *Lippencott* v. *Goodwin.* 8 How. Prac. 242; *Hammond* v. *Earle,* 58 How. Prac. 426. The rule is quite well settled that it is unnecessary to restate in a pleading facts contained in a prior count, which constitute matters of inducement, necessary to explain both; in which case the pleader, by referring to the preceding narrative, thereby makes it a part of the subsequent count: *Haskell* v. *Haskell,* 54 Cal. 262; *Freeland* v. *McCullough,* 1 Denio, 414 (43 Am. Dec. 685); *Crookshank* v. *Gray,* 20 Johns. 344; *Curtis* v. *Moore,* 15 Wis. 146. Matter stated in a pleading, constituting a history of the transaction (*Wormouth* v. *Hatch,* 33 Cal. 121), which naturally precedes and logically leads up to the gravamen of the action or defense (*Abendroth* v. *Boardley,* 27 Wis. 558), is denominated inducement (*Henke* v. *Eureka Endow. Assoc.* 100 Cal. 429, 34 Pac. 1089; *Bellows* v. *Dist. Tp. of West Fork,* 70 Iowa, 320, 30 N. W. 582), and should be pleaded, to enable the court to decide whether a *prima facie* case is presented (*Dupre* v. *Rein,* 7 Abb. N. C. 256); but the matters thus stated are not deemed material, and need not be denied: *Fry* v. *Bennett,* 5 Sandf. 54.

In the case at bar, the first separate defense, which, by adoption, is made a part of the second, is more than a history of the transaction, and contains matter not necessary to the second separate defense; for the alleged agreement that defendant's cattle and horses were to be pastured on the leased land until April 1, 1901, evidently did not lead to the injury of the cellar nor to the destruction of the milk safe by plaintiff's hogs. The averments of the first separate defense, when incorporated into the second, necessarily resulted in uniting two affirmative defenses that should have been sep-

arately stated, and rendered the latter subject to be stricken out as redundant. No error having been committed as alleged, the judgment is affirmed.                    AFFIRMED.