Argued 11 January, decided 30 January, 1905.

### YOUNG v. STICKNEY.

79 Pac. 345.

EFFECT OF TENDER AS AN ADMISSION OF TRUTH OF COMPLAINT.

1. Under Section 532, B. & C. Comp., providing for a written offer by defendant to allow a certain judgment to be entered against him, which must be accepted within a stated time, or it shall be deemed withdrawn, in which event evidence thereof shall not be received at the trial, such an offer is not, after failure to accept it, an admission at all, and the case stands as though no offer had been made.

PLEADING PERFORMANCE OF CONTRACT—WAIVER—ALLEGATIONS AND PROOF.

2. In an action to recover for a breach of a contract plaintiff must show whether he relies on a compliance with the contract on his part or on a waiver of compliance by defendant, and whichever is pleaded must be proved, under the rule that allegations and proofs must correspond.

WAIVER OF OBJECTION OF DEFECT OF PARTIES.

3. An objection because of defect of parties must be made at the first opportunity after the facts become known to the opposing party, or it will be waived; for example, when the defect first became known through the cross-examination of plaintiff, the objection was waived by waiting until after the return of the verdict to suggest it.

From Clackamas: THOMAS A. MCBRIDE, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by W. H. Young against H. O. Stickney to recover for services rendered, and also damages for an alleged breach of a contract. It is averred in the complaint that the parties entered into an agreement whereby plaintiff was to haul to a skidway certain saw logs to be cut by defendant, who was to pay him $1.75 per 1,000 feet therefor, and promptly to remove all such logs from the skidway, so as not to delay the perform-

ance of the work, and that plaintiff duly kept all the conditions of the agreement on his part, and delivered on the line of the skidroad 232,980 feet of saw logs, for which the defendant became indebted to him in the sum of $407.71, and had paid on account thereof only $237.13, leaving due $170.58.

"For a further cause of action against the defendant, the plaintiff now repeats each and every allegation of the first cause of action herein, and further alleges that the defendant, in violation of his part in the contract, failed and refused to remove the said saw logs delivered to plaintiff on the line of said skidroad, and allowed the same to accumulate until all available skidroads and delivery ground became blocked, and plaintiff was thereby, in the performance of his said contract, put to great and unnecessary expense thereby in making such delivery, and was compelled to, and did, haul a large portion of said logs over long distances, and on to other and more difficult grounds to haul over, and was compelled to, and did, make other and different rollways and skidways for the accommodation of said logs, and to the damage of the plaintiff in the sum of two hundred dollars."

The answer denied the material allegations of the complaint, and, for a further defense, averred that the contract between the parties required plaintiff to prepare, haul, and deliver on the skidroad, or on skids beside it, such logs as defendant might cut and saw into proper lengths, for which he was to be paid $1.75 per 1,000 feet; that defendant felled and cut into saw logs 125,974 feet, which plaintiff prepared and delivered as stipulated, for which there became due him $220.13; that defendant also cut 86,382 feet and 9,382 feet of saw logs, respectively, which plaintiff prepared, and hauled the former short distances, but did not deliver them at the places agreed upon, and the latter he did not attempt to haul, for which service defendant was willing to pay, and offered him one dollar per 1,000 feet, or $86.38, for hauling the former, and 50 cents per 1,000 feet, or $4.69, for preparing the latter, notwithstanding he failed to perform his part of the contract and there was nothing due him thereunder for his labor; and that the money earned by plaintiff, together with that which defendant was willing to pay him for his labor, is $311.20, of which he had received $250.80.   The

defendant, before the trial, served upon plaintiff an offer to allow judgment to be given against him for $60.40, but, the proposal not having been accepted, a trial was had, and the jury found for plaintiff in the sum of $170.58 on the contract, and $125 as damages; and, judgment having been rendered thereon, the defendant appeals.                                                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. William Torbert Muir.*

For respondent there was a brief and an oral argument by *Mr. Harvey E. Cross.*

MR. JUSTICE MOORE delivered the opinion of the court.

The plaintiff at the trial having introduced his testimony and rested, defendant's counsel moved the court for a judgment of nonsuit on the ground that the first cause of action stated in the complaint is based on an express contract, all the conditions of which, it is alleged, plaintiff fully performed, while the testimony shows a nonperformance, to excuse which he relies on the defendant's alleged breach of the contract without alleging such waiver. The motion was overruled and an exception saved, and it is contended that the court erred in refusing to grant the nonsuit. It is argued by plaintiff's counsel, however, that defendant's tender to plaintiff of the sum of $60.40 in settlement of his demand is equivalent to an admission of the terms of the contract, and of its breach as alleged, thus leaving for determination only the amount of damages to which plaintiff was entitled. The legal principles insisted upon will be considered in their inverse order.

1. The statute regulating offers to compromise disputed claims provides that the defendant may at any time before trial serve upon the plaintiff an offer to allow judgment to be given against him for the sum therein specified. If the offer is not accepted within three days, it shall be deemed withdrawn, and evidence thereof shall not be received on the trial: B. & C. Comp. § 532. The defendant's offer was not accepted by plaintiff, and his refusal in this respect renders the proposed compromise as though it had never been made. It would not conduce

to the speedy settlement of actions if. a plaintiff could decline such an offer until after he had secured a judgment, and on appeal urge the proposal as an admission of the cause of action , as alleged, leaving for consideration only the sum claimed to be due him. A plaintiff ought not to be permitted thus to speculate on the outcome of a trial, and, whatever the rule may have been at common law in relation to the effect of a tender, our statute has wisely regulated the matter by providing that, if the offer is not accepted within three days, it shall be deemed withdrawn.

2. It is not alleged in the first cause of action stated in the complaint what quantity of logs defendant was to cut, or plaintiff to prepare and haul, so that the averment that the latter fully performed all the conditions of the contract to be kept by him is not inconsistent therewith. The plaintiff's theory of the case, as disclosed by the entire complaint, is that he hauled all the logs that were cut, but, in consequence of defendant's failure to keep the skidroad free from obstructions, he was damaged in the sum of $200. As evidence of what the bill of exceptions shows, the court, alluding to the testimony given on this branch of the case, in charging the jury, said, "It is admitted by the plaintiff that there was a failure to deliver all the logs he agreed to deliver." "The rule," says Mr. Justice BEAN in *Long Creek Build. Assoc.* v. *State Ins. Co.,* 29 Or. 569 (46 Pac. 366), "is well settled that a plaintiff cannot plead performance of a condition precedent, and recover under proof of a waiver of such performance." In *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888), it was held that the proofs must follow the allegations of a complaint, and that the averment that plaintiff had performed all the conditions of a contract precedent to his right to maintain an action could not be upheld on the introduction of evidence showing that his failure to perform his part of the contract resulted from a waiver thereof by the defendant. In *Durkee* v. *Carr,* 38 Or. 189 (63 Pac. 117), in discussing this subject, it is said: "The rules of the common law respecting the allegation of the performance of a condition precedent have been changed by our statute so as to permit a party to plead generally

that he had duly performed all the conditions imposed upon him by his agreement: Hill's Ann. Laws 1892, §. 87. But when he relies upon a waiver of such performance by the adverse party, he should aver that fact, so as to let in evidence thereof." If the defendant failed promptly to remove the logs from the skidway, so that plaintiff was prevented from performing his part of the contract, the latter, upon an averment and a proof of such neglect, was entitled to compensation for the labor performed, and also for the damages resulting from the defendant's breach of the agreement. The testimony introduced by plaintiff did not sustain the allegations of his complaint, and, there having been a failure of proof of his theory of the case, the court erred in refusing to grant a judgment of nonsuit.

The defendant's counsel, invoking the rule announced in *Gardner* v. *McWilliams*, 42 Or. 14 (69 Pac. 915), insist that, because the second count of the complaint repeats the averments of the first by reference thereto, it does not state facts sufficient to constitute a cause of action. We do not think it necessary at this time to determine the question presented, for, if the complaint be defective in not specifically alleging the facts relied on, it can be amended in this particular as well as in that to which attention has been called.

3. After the verdict was rendered, defendant's counsel filed a motion for a new trial, which, among other reasons therefor, states that the testimony disclosed that plaintiff had a partner in the work performed for defendant, who was not made a party. This fact appears from the testimony given by plaintiff on his cross-examination. At the time it was disclosed, defendant's counsel was aware of the existence of the partnership relation, and, if he desired to take advantage of the defect of parties, he should then have interposed some objection thereto; but, not having done so, he ought not to be permitted to speculate on the probability of a favorable verdict, and, if found to be adverse, seek to set it aside on that ground. He had an opportunity to raise this question when it arose, but, not having made any objection at that time, it was too late to do so when the motion for a new

trial was interposed.    The defect of parties, however, can be cured at another trial by a proper amendment of the complaint.

The judgment is reversed and the cause remanded for such further. proceedings as may be necessary, not inconsistent with this opinion.                                                    REVERSED.