(January 28, 1910.)

## GUY E. MATTHEWS, Respondent, v. L. A. COATE et al., Appellants.

[106 Pac. 990.]

SUFFICIENCY OF EVIDENCE—SUFFICIENCY OF FINDINGS.

1. Evidence examined in this case and *held* sufficient to support the findings and judgment.

2. Where the findings of fact cover all the material issues presented by the complaint, are sufficient to support the judgment, and are inconsistent with the truth of the allegations of a separate defense and impliedly negative such allegations, the judgment will not be reversed because of the failure to make a specific finding on a given allegation contained in the answer of the defendant which has been thus negatived by the findings. *Bowers v. Cottrell,* 15 Ida. 221, 96 Pac. 936, followed and approved.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District of the State of Idaho, for the County of Ada. Hon. Fremont Wood, Judge.

Action by the plaintiff to recover judgment against the defendants on a contract. Judgment for plaintiff, and defendants appeal. *Affirmed.*

Alfred A. Fraser, for Appellants.

The evidence in this case conclusively shows that the consideration for the execution of this agreement was the representations made by the plaintiff and his associates to the defendants that they had an interest in this property in controversy by reason of a valid and existing option, and the evidence proves that no such option or options existed in favor of said plaintiff and his associates; therefore, there was no consideration for the agreement, and the plaintiff, under the pleadings in this case, is not entitled to a judgment. (*Anthony v. Boyd*, 15 R. I. 495, 8 Atl. 701, 10 Atl. 657; *Bell v. Bean*, 75 Cal. 86, 16 Pac. 521.)

"While the compromise of a claim asserted upon the one side but questioned upon the other will be deemed a sufficient consideration to support an agreement to pay such claim, it is still essential that the claim so asserted should have some basis upon principles of law or equity." (*Vane v. Towle* (Ida.), 50 Pac. 1004.)

From an inspection of this record and the findings of the court, it is impossible to say as a matter of law that the defendants did not have a complete defense to this cause of action, as there was no such finding made by the court as would negative this result. The findings of the trial court are not complete and do not cover all the material issues raised by the pleadings. (*Standley v. Flint*, 10 Ida. 629, 79 Pac. 815; *Bowman v. Ayers*, 2 Ida. 305, 13 Pac. 346; *Brown v. Macey*, 13 Ida. 451, 90 Pac. 339; *State v. Baird*, 13 Ida. 126, 89 Pac. 298.)

Richards & Haga, and Hawley, Puckett & Hawley, for Respondent.

This court has repeatedly held, in harmony with the courts of the other states, that it is only necessary to find upon the material issues. (*Bowers v. Cottrell*, 15 Ida. 221, 96 Pac. 936.)

The cause of action rests upon the compromise agreement and not upon matters outside of such agreement or upon

matters which are merged into it and concluded by it. These allegations of the complaint are matters of inducement only. (31 Cyc. 102.)

Such allegations are not part of the cause of action and need not be proven in order to recover on the contract. (*Henke v. Eureka Assn.*, 100 Cal. 429, 34 Pac. 1089; Ency. of Pl. & Pr., 606; *Younglove v. Cunningham* (Cal.), 43 Pac. 755; *Gardner v. McWilliams*, 42 Or. 14, 69 Pac. 915.)

An agreement of compromise is supported by sufficient consideration, (a) where it is in settlement of a claim which is *unliquidated;* (b) where it is in settlement of a claim which is *disputed;* or (c) where it is in settlement of a claim which is *doubtful.* (8 Cyc. 505-512; *Russell & Barbour v. Lambert*, 14 Ida. 284, 94 Pac. 54; *San Juan v. Gas Co.*, 195 U. S. 510, 25 Sup. Ct. 108, 49 L. ed. 299; *Baines v. Coos Bay etc. R. Co.*, 49 Or. 192, 89 Pac. 371; *Sims v. Lumber Co.*, 135 Fed. 1019, 68 C. C. A. 413; *Board v. Hutchinson*, 46 Or. 57, 78 Pac. 1028; *Dickie v. Steiger*, 4 Cal. App. 622, 88 Pac. 814; *Alexander v. Trust Co.*, 106 Md. 170, 66 Atl. 836; *Hutchinson v. Water Power Co.*, 49 Wash. 469, 95 Pac. 1023; *Union Collection Co. v. Buckman*, 150 Cal. 159, 119 Am. St. 164, 88 Pac. 708; *Coffee v. Emigh*, 15 Colo. 184, 25 Pac. 83, 10 L. R. A. 125.)

AILSHIE, J.—This action was commenced by the respondent, Guy E. Matthews, in his own right and as assignee of the respective rights of Lee Bunch, D. S. Bunch, and J. P. Atkinson to recover the sum of $4,000, with interest on the following agreement:

"Boise, Idaho, Dec. 20th, 1905.

"This agreement entered into by and between J. B. Coate of Atlantic, Ia., L. A. Coate, I. V. Howard and J. H. Lynch, of Boise, Idaho, parties of the first part, and Lee Bunch and D. S. Bunch of Garden Valley, Idaho, and J. P. Atkinson and Guy Matthews of Boise, Idaho, parties of the second part, which is as follows:

"The parties of the first part now hold an option on the Cumora Mining & Milling Co. stock of Cassia County, Idaho,

and the parties of the second part, having formerly been interested in an option on said property, the parties of the first part hereby agrees that in case they buy said property, or sell the same, they will give to each of the parties of the second part the sum of one thousand dollars, this to be settlement in full of all claims they may have of any kind in said option.

"In witness whereof we have this twentieth day of December, 1905, affixed our hands and seals.

<div style="margin-left:6em;">

"J. B. COATE,          (Seal)
   "By L. A. COATE,
          "Atty. in Fact,
"L. A. COATE,          (Seal)
"I. H. HOWARD,          (Seal)
"J. H. LYNCH,          (Seal)
"LEE BUNCH,          (Seal)
"D. S. BUNCH,          (Seal)
"GUY E. MATTHEWS,      (Seal)
"J. P. ATKINSON.          (Seal) "

</div>

Judgment was entered for the plaintiff and the defendants moved for a new trial, and their motion was denied, and they thereupon appealed from the judgment and order.

The first and principal question presented here is that the evidence is insufficient to support the findings of the court, and that the insufficiency consists in a failure of consideration for the foregoing agreement. It is contended by appellants that they entered into this agreement in consideration of and under the representation and understanding that Matthews, Atkinson, and the Bunches had an option on certain mining property or mining stock on which the appellants also had an option, and that the foregoing agreement was executed by appellants for the purpose of freeing the property from the former option held by respondent and his associates. It is contended that, as a matter of fact, respondent and his associates did not have any option and that the claim and representation that they did have an option to purchase the property referred to was false, and that they

knew it to be false at the time they entered into the agreement.

It appears from the record that one J. H. Thomas had some kind of an agreement or understanding with the owners of the mining property in question whereby he was to have the right to purchase or sell the property at a fixed and stipulated price, and that he called the matter to the attention of respondent and his associates, and they immediately became interested in the matter and thereafter presented the proposition to appellant Coate and his associates. More or less time was spent in the negotiations, and several trips were made, and finally they induced Mr. Coate to go to Cassia county and examine the property. Prior to his going, it seems to have been orally agreed that Mr. Coate should join them in the deal and that they would equally divide the net profits from the transaction. After examining the property Coate procured an option to purchase the property. After he returned still further negotiations took place between Coate and respondent, and his associates, and finally Mr. Coate informed respondent that he would not take the property and he would quit the deal unless they would agree to take a thousand dollars apiece as their share in the profits of the enterprise. After considerable negotiation they entered into the agreement hereinbefore set out. Appellants now refuse to make payment under the agreement on the ground that respondent and his associates in fact had no option to purchase the property.

The court finds that respondent and his associates fully informed the appellants as to the nature, character, terms and conditions of any option they held or claimed to hold on the property, and that they did not make any false representations to appellants. The court also finds that this agreement was entered into after Coate and his associates had secured their option on the property, and that the agreement was a settlement and compromise of existing differences between them and took the place of previous contracts and agreements between them. These findings are fully supported by the evidence.

There is also some evidence in the record which shows that Thomas, from whom Matthews and his associates procured their original agreement and terms on the property, had taken them in on the proposition he had received from the owners of the property, and that while the option claimed by Matthews and associates was perhaps not one that could have been enforced in court, still it was referred to by the parties as an option to buy, and they were so treating and dealing with it. In view, however, of all the facts as they appear in the record in this case, it is of but little consequence whether they had an option to purchase the property.

It is undisputed that they had sundry dealings and transactions with reference to the property from the time they first presented the matter to Mr. Coate up to and including the execution of the agreement under consideration. It is also clear that the agreement sued upon supplanted and took the place of all previous agreements and understandings with reference to this property and their making the purchase and sharing in the profits to be derived from the transaction. These facts would constitute a consideration for the contract, notwithstanding the fact that the respondent and his associates might not have had a previous option to purchase the property. We shall not encumber the record with a recital of the evidence on these phases of the case, as it could serve no useful purpose here.

It is also urged that the court erred in failing to find on all the issues presented by the pleadings. In the first place, complaint is made by appellants because of the failure of the court to make specific findings on certain allegations contained in paragraphs 1, 2, and 3 of the complaint. Those allegations did not present the material and essential issues of the complaint. They were rather matters of inducement or introductory to the principal issue, and a finding on them was not essential to support a judgment. It is generally held by the courts that such matters do not call for a specific denial or findings of fact by the court. (*Gardner v. McWilliams,* 42 Or. 14, 69 Pac. 915; *Henke v. Eureka Assn.,* 100 Cal. 429, 34 Pac. 1089; 31 Cyc. 102.) A failure to make

specific findings on certain allegations contained in defendant's further and separate answer to the plaintiff's complaint is not reversible error, for the reason that the findings that were made by the court are inconsistent with the truth of those allegations of defendant's answer, and the court has therefore found against defendant on such issues.

In *Bowers v. Cottrell*, 15 Ida. 221, 96 Pac. 936, this court, speaking on the subject now under consideration, said:

"The findings made disposed of the merits of the case, and are inconsistent with the defendant's case, and in effect are against the defendant on the issue tendered by the answer. The defense urged in this case is wholly inconsistent with the finding of the court. . . . . The rule, as we understand it, is that, where the findings of the court upon the affirmative case are necessarily a complete negative of the case as plead by the answer, such findings are sufficient."

The judgment should be *affirmed,* and it is so ordered. Costs awarded to *respondent.*

Sullivan, C. J., and Stewart, J., concur.