RZEPPA *v.* SEYMOUR.

1. IMPROVEMENTS—HOUSE BUILT BY TRESPASSER—RIGHTS OF OWNER OF LAND.

    In a suit to restrain the removal of a house built on plaintiff's lot by another by mistake, the decree, instead of giving defendants a lien on plaintiff's property for the value of the house as fixed by the court, should have given plaintiff the option to pay the value added to her land by the house, or to take the value of her lot without the house.[1]

[1]Improvements, 31 C. J. §§ 61, 87.

2. JUDGMENT—CASE NOT AT ISSUE AS TO DEFENDANT WHO ENTERED
NO APPEARANCE AND WAS NOT DEFAULTED.
  Where a defendant entered no appearance, and his default
  was not taken, the case is not at issue as to him.[2]

3. PROPERTY—HOUSE INTENDED AS PERMANENT IMPROVEMENT PART
OF REALTY.
  A house, built on another's lot by mistake, intended as
  a permanent improvement, became a part of the realty,
  although it was placed on posts and was easy of removal.[3]

4. IMPROVEMENTS — CONSENT TO REMOVE MUST BE ACTED UPON
WITHIN REASONABLE TIME.
  Consent by the owner of land that a house built thereon
  by another by mistake be moved required action within
  a reasonable time, and no rights may be asserted under
  such consent where an unreasonable delay has occurred.[4]

5. SAME—EQUITY FOLLOWS CIVIL LAW RATHER THAN COMMON
LAW.
  Where one builds a house on another's land by mistake,
  a court of equity does not follow the common-law rule
  denying all relief, but follows the more lenient rule of
  the civil law (3 Comp. Laws 1915, § 13211), and permits
  the owner of the land to elect whether to pay the value
  added to the land by the building, or take the value of
  the land.[5]

6. SAME—MEASURE OF VALUE ADDED TO LAND.
  The cost of the building does not measure the value added
  to the land, nor may the value added by, the building
  exceed the cost thereof.[6]

7. EQUITY—ONE WHO INVOKES EQUITY OPENS WAY FOR OTHER
PARTY TO HAVE RIGHTS DETERMINED EQUITABLY.
  Where the owner of land upon which a house was built
  by another by mistake invoked the aid of equity in the
  premises, she opened the way for the builder of the house
  to come in and have his rights determined according to
  equitable principles.[7]

8. IMPROVEMENTS—RIGHTS OF OWNER OF LAND ON WHICH HOUSE
WAS BUILT BY MISTAKE.
  If the owner of the land elects to take the value of the
  premises, she should also be allowed the reasonable ex-

[2]Judgments, 34 C. J. § 391; [3]Improvements, 31 C. J. § 3; [4]Id.,
31 C. J. § 10; [5]Id., 31 C. J. § 16; [6]Id., 31 C. J. §§ 51, 53; [7]Id.,
31 C. J. § 16.

pense of the improvements she has made on the house and the taxes paid after it was built, and there should be deducted therefrom a reasonable charge for its use by her, computed up to the date of hearing; and if she elects to pay the value her land was enhanced by the house built thereon, such value should be fixed as of the time she took possession, with interest to the day of hearing.[3]

Appeal from Wayne; Reid (Neil E.), J., presiding. Submitted January 21, 1925.    (Docket No. 63.)    Decided April 3, 1925.

Bill by Lottie Rzeppa against Harry B. Seymour, Perry M. Rhodes and others to restrain the removal of a house.    Defendants Rhodes filed a cross-bill asking affirmative relief.    From the decree rendered, plaintiff appeals.    Reversed and remanded.

*Cass J. Jankowski* (*Daskam, Fox & Reid,* of counsel), for plaintiff.

*Lynch & Lovett,* for defendants.

WIEST, J.    Plaintiff owns lot 166, State Fair subdivision, Greenfield township, Wayne county.    Defendant Perry M. Rhodes purchased lot 167, next to plaintiff's lot, on land contract, August 19, 1919, and wanting to build thereon, tried to locate the lot lines. He had no survey made, but talked with Mr. Nayler, who stated he had a survey made to locate his lot upon which he had built, and lot 167 was next to his lot.    In fact, Mr. Nayler, through mistake, had built his house on Mr. Rhodes' lot.    Mr. Rhodes, without making further inquiry, but in good faith, built on plaintiff's lot, and October 23, 1919, sold lot 167, believing the house was thereon, to defendant Seymour, on land contract at the price of $2,500.    When plaintiff found the house on her lot she at first consented it be removed, but after a time she re-

[3]Improvements, 31 C. J. §§ 55, 61.

fused, and occupied it herself, making improvements thereon. The house was a cheap four-room affair, although defendant Rhodes claims it cost him about $2,000, stood on posts and was easy of removal. A mover was sent to take the house from the lot, sawed off the posts and started it away, when plaintiff filed the bill herein to enjoin its removal. Plaintiff, after the bill was filed, placed the house on a foundation. Defendant Rhodes answered the bill and claimed right to affirmative relief. The circuit judge found the house enhanced plaintiff's property $1,500, made that amount a lien on plaintiff's property in favor of *defendants*, gave her 60 days in which to pay and in default of payment ordered a sale. Plaintiff appealed.

The decree should have given plaintiff the option to pay the value added to her land by the house, or to take the value of her lot without the house.

The record is very unsatisfactory. Defendant Seymour, to whom defendant Rhodes sold lot 167 on land contract, entered no appearance and his default was not taken, so the case is not at issue as to him. Defendant Barber did not appear and no order *pro confesso* appears to have been entered.

Defendant Rhodes insists that the house was at all times personalty until plaintiff placed it on a foundation and thus converted it, and until placed on the foundation could have been replevined, and after so placed plaintiff was liable for conversion. Considering the purpose of the house as a permanent improvement, we think it became a part of the realty. Defendant Rhodes also claims that when plaintiff gave her consent for the removal of the house such consent severed it from the realty. This consent required action within a reasonable time, and defendant Rhodes delayed removal so long that he cannot now assert rights based on such consent.

Defendant Rhodes acted in good faith, but was in fact a trespasser. The harsh rule of the common law, denying relief to one who builds on another's land, has been modified in actions of ejectment, by statute (3 Comp. Laws 1915, § 13211), to the extent of permitting recovery for improvements made in good faith under color of title or where possession has been held for six years or more, but this is not an action of ejectment, neither was defendant Rhodes claiming under color of title, nor was he in possession six years. Equity, when possessed of jurisdiction over the subject here involved, follows the more equitable rule of the civil law, and permits the owner of the land to elect whether to pay the value added to the land by the building, or take the value of the land, but not to refuse all relief. See 19 C. J. p. 1247. The cost of the building, however, does not measure the value added to the land. Neither may the value added by the building exceed the cost thereof.

When plaintiff invoked the aid of equity in the premises, she opened the way for defendant Rhodes to come in and have his rights determined according to equitable principles.

It appears, inferentially, that plaintiff commenced summary proceedings before a circuit court commissioner to obtain possession of her property, but the record fails to show anything from which we can make determination that it cut off rights of defendant Rhodes. Plaintiff brought defendant Rhodes into court in this case and must abide the relief equity and good conscience decrees. If plaintiff elects to take the value of the premises, she should also be allowed the reasonable expense of the improvements she has made on the house.

The case should be placed at issue as to defendants Seymour and Barber, further testimony taken, showing the value added to the land by the house built by Rhodes, the value of improvements made thereon by

plaintiff, and decree entered giving plaintiff the option to pay the value added to her land by the building, or take the value of the land and the improvements she has made. If plaintiff elects to take the value of her property, there should be included the value added by the improvements she has made and the taxes paid after the house was built, and there should be deducted therefrom a reasonable charge for the use she has had of the house built by Mr. Rhodes. This computation is to be made to the date of hearing. If plaintiff elects to pay the value her land was enhanced by the house built by Mr. Rhodes, then such value should be fixed as of the time she took possession, with interest to the day of hearing.

The case is remanded to the circuit for further proceedings not inconsistent with this opinion. Considering the record here presented, no costs will be allowed on this appeal.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.