281 P.2d 1057

Everett WATKINS, Plaintiff-Respondent,

v.

Emma L. WATKINS and Reid Watkins, Defendants-Appellants.

No. 8187.

Supreme Court of Idaho.

April 1, 1955.

Gigray & Boyd, Caldwell, for appellant Emma L. Watkins, J. F. Martin and C. Ben Martin, Boise, for appellant Reid Watkins.

Meek & Miller, Caldwell, for respondent.

320

SMITH, Justice.

Respondent brought this action for specific performance of an oral option to purchase a certain parcel of farm land, or, in the alternative, for the value of improvements which he had placed on the land. Appellant Reid Watkins cross-complained for recovery of dwelling house rental and moneys loaned to respondent.

Respondent Everett Watkins and appellant Reid Watkins, a bachelor, are brothers, sons of appellant Emma L. Watkins, a widow since January 10, 1945.

The complaint alleges that while respondent son had farmed some lands for his mother prior to November, 1946, he intended to cease farming for her and purchase a place of his own; that thereupon the mother told her son that she needed him to help farm her lands and that if he would move onto a 160 acre parcel of her farm land, being Lots 3 and 4 and S½ NW¼ in Section 5 North, Range 6 West of the Boise Meridian, in Canyon County, Idaho, known as the Gardner place, and farm it on a crop share basis he could remodel the dwelling house thereon at his expense and, in further consideration of such arrangement, that she would give him an oral option to purchase the place during her life at market value less the value of his improvements thereon; that in reliance thereon respondent moved onto and farmed the Gardner place, and expended $5,500 in remodeling and improving the dwelling house and premises, which expenditures he supported by a bill of particulars; that the brother, appellant Reid Watkins, knew of the oral agreement between respondent and his mother; that respondent at all times kept and performed the conditions of the agreement; that pursuant to his option to purchase, respondent offered to purchase the Gardner place from his mother about February 5, 1952 for $12,000, its fair market value, less the value of improvements which he had placed thereon, but that she refused to sell the place to him, and that on such occasion appellant Reid Watkins also was present with respondent and his mother; that March 31, 1952 the mother contracted in writing to sell and convey all of her farm land, including the Gardner place, to appellant Reid Watkins for $85,000, of which transaction respondent had no knowledge until

January 27, 1953, when appellant Reid Watkins notified respondent in writing to vacate the Gardner place and the remodeled dwelling by March 1, 1953; then follows the prayer that the title be quieted as against the claims of appellant Reid Watkins; that appellant Emma L. Watkins be required to specifically perform her agreement to convey the Gardner place to respondent upon his making payment therefor; that in the alternative, respondent have judgment against appellants in the sum of $5,500, value of the improvements which respondent made in and upon said parcel of land, "and further relief as to the Court may seem equitable and just."

The trial court overruled appellants' general demurrers to the complaint.

The separate answer of each appellant admitted the relationship of the parties, the ownership of the lands, and the contract for the sale by appellant Emma L. Watkins and purchase by appellant Reid Watkins, of the entire Watkins farm for $85,000, and generally denied the remaining allegations of the complaint. The answer of appellant Emma L. Watkins specially pleaded the 4-year statute of limitation, I.C. § 5–217, in bar of any remedy asserted by respondent relating to the oral contract pleaded in his complaint.

Appellant Reid Watkins, by his "cross-complaint and counterclaim" sought to recover from respondent rent at $75 a month from March 1, 1953, for the dwelling on the Gardner place occupied by respondent; also to recover $9,585 loaned to respondent at various times from December 16, 1946, to March 12, 1951; also that the court decree that respondent had no interest in the Gardner place.

Respondent by his answer denied the allegations of the cross-complaint; alleged full payment of all the loans made to him by appellant Reid Watkins; also respondent plead the bar of the statute of limitations, i. e., I.C. § 5–216, 5 years on a written contract, and I.C. § 5–217, 4 years on an oral contract.

The court allowed trial on the theory that while the complaint failed to state a cause of action for specific performance, it did for recovery of the value of respondent's improvements placed in and upon the Gardner place.

The trial court at the conclusion of the trial, found the facts essentially as alleged in the complaint except that respondent had expended $4,866.24 for labor, materials and fixtures in remodeling said dwelling in addition to his own labor, and that $300 constituted the value of his labor leveling 6 acres of land; that such improvements are substantial in relation to the value of the land, of permanent nature and were made with the knowledge and acquiescence of his mother, Emma L. Watkins; also that respondent remodeled said dwelling house in reliance upon and pursuant

to her promise that she would sell the Gardner place to him as soon as the title was straightened up through the probate of her deceased husband's estate, but that during February, 1952, she told respondent that he could not buy the Gardner place, unless he bought the entire Watkins farm for $100,000.

The trial court then made findings of valuations and thereby arrived at the amount of the judgment entered in favor of respondent, secured as a lien on the land, as follows:

| | |
|---|---:|
| Reasonable value of remodeled dwelling, January 1, 1950 | $7,200.00 |
| Less 4% annual depreciation thereon, January 1, 1950, to April 1, 1952 | 648.00 |
| | $6,552.00 |
| Plus value of land leveling | 300.00 |
| | $6,852.00 |
| Less reasonable value of the dwelling prior to remodeling | 500.00 |
| | $6,352.00 |
| Less reasonable rent of dwelling chargeable to respondent, March 1, 1953, to March 22, 1954, @ $60 a month | 780.00 |
| Amount of the judgment | $5,572.00 |

The trial court also ruled that respondent had repaid all sums loaned to him by appellant Reid Watkins.

The trial court thereupon entered judgment in favor of respondent and against appellants in the sum of $5,572, and decreed the judgment a lien against the described land, from which judgment appellants perfected appeals.

Appellants assign error of the trial court in overruling their general demurrers to respondent's complaint. The trial court overruled the demurrers on the theory that while the complaint fails to state facts sufficient to constitute a cause of action for specific performance, it does as to recovery for the value of the improvements.

The complaint invokes equity jurisdiction. Equity having obtained jurisdiction of the subject matter of a dispute will retain it for settlement of the entire controversy between the parties with respect thereto. Anderson v. Whipple, 71 Idaho 112, 227 P.2d 351. The court in equity will grant all proper relief consistent with the case made and embraced within the issues whether the particular relief be prayed for or not, except in default cases. I.C. § 10-704; Stearns v. Williams, 72 Idaho 276, 240 P.2d 833; Anderson v. Whipple, supra; Sims v. Purcell, 74 Idaho 109, 257 P.2d 242; Vanek v. Foster, 74 Idaho 532, 263 P.2d 997.

The complaint negatives a landlord tenant relationship between appellant Emma L. Watkins and respondent. It alleges an offer on the part of appellant Emma L. Watkins and an acceptance on the part of respondent whereby respond-

ent performed not only by farming the parcel of land, but by expenditure of moneys and labor thereon in substantial and permanent improvements, with his mother's knowledge and acquiescence, upon his going into possession of the property; that while appellant Reid Watkins was not a party to the agreement nevertheless the complaint alleges his knowledge thereof and of the improvements as and when made, and his knowledge of his mother's refusal to sell the Gardner place to respondent during February, 1952; also alleges the sale of the Watkins farm, including the Gardner place, by appellant mother to appellant Reid Watkins evidenced by the written agreement of March 31, 1952. Thusly the complaint alleges the sale by appellant mother and purchase by appellant Reid Watkins, with notice on the part of both of the rights which respondent asserts to the extent of the value of the improvements which he placed in and upon the Gardner place. The trial court properly overruled the general demurrers. Tinkler v. Devine, 159 Kan. 308, 154 P.2d 119; Dyksterhouse v. Ohl, 330 Mich. 599, 48 N.W.2d 122; Van Camp v. Van Camp, 291 Mich. 688, 289 N.W. 297; Superior Oil & Gas Co. v. Mehlin, 25 Okl. 809, 108 P. 545; 49 Am.Jur. sec. 175, p. 199; Carter v. Carter, 182 N.C. 186, 108 S.E. 765, 17 A.L.R. 945; Barker v. McKellar, 50 Idaho 226, 296 P. 196.

█ Appellant Emma L. Watkins' assignment that the trial court erred in overruling her motion for nonsuit is not well taken. She urges insufficiency of the evidence to prove damages asserted by respondent; but such is not the case. The record shows that respondent produced evidence on that issue sufficient to justify the denial of such motion.

█ Appellant Reid Watkins assigns error of the trial court in overruling his motion for nonsuit because of insufficiency of the evidence to justify a judgment against him in that there is no showing that he was a party to any agreement between his mother and respondent, nor any showing that respondent occupied or improved the land except as a tenant, or the remodeled house other than by sufferance of the mother.

Lack of any evidence to show that appellant Reid Watkins was a party to the agreement between respondent and his mother is immaterial in the light of the testimony that respondent adduced which shows that appellant, bachelor brother of respondent, lived with the mother and looked after and managed her farming interests; that he had knowledge of respondent's rebuilding and remodeling of the dwelling house on the Gardner place; that respondent's dwelling and that of appellants were separated but a short distance with an unobstructed view and that the parties visited back and forth during and after the time that respondent made the permanent improvements in and upon the dwelling house; also that appellant

Reid Watkins was present with respondent and his mother during the fall of 1948, when the mother told respondent that she couldn't transfer the parcel of land to him because her husband's estate was still in process of probate; also that appellant Reid Watkins was present February 1952 when the mother told respondent that she would sell him all of her farm lands for $100,000, but not the Gardner tract separately.

A nonsuit is justified only where there is an entire absence of substantial evidence tending to establish the plaintiff's case. Moreover, in testing the sufficiency of the evidence on a motion for nonsuit, that version of the evidence most favorable to plaintiff must be accepted, McKee v. Chase, 73 Idaho 491, 253 P.2d 787. The court properly denied the motion for nonsuit of appellant Reid Watkins.

Appellant Emma L. Watkins assigns error of the trial court in failing to find on the issue of the statute of limitation which by her answer she urged in bar against the alleged oral agreement which respondent pleaded in the complaint.

It was not necessary that the trial court find on that issue because it became immaterial when the court found upon substantial, though conflicting, evidence, that respondent had made the substantial and permanent improvements in and upon the Gardner place in reliance upon the oral contract which appellant Emma L. Watkins did not repudiate until February, 1952; thereupon respondent's cause of action accrued, i. e., for recovery of the value of the improvements. Where the findings of the trial court upon the affirmative case are necessarily a complete negative of the case as plead by the answer, such findings are sufficient, Matthews v. Coate, 17 Idaho 624, 106 P. 990; McCarty v. Sauer, 64 Idaho 748, 136 P.2d 742. Moreover in order to raise the question of the failure of the trial court to find on an issue, the aggrieved party must direct the trial court's attention thereto, either by a requested finding, motion or otherwise, and failing so to do constitutes waiver of error. Nelson v. Altizer, 65 Idaho 428, 144 P.2d 1009; Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370; Koser v. Bohemian Breweries, 69 Idaho 33, 202 P.2d 398; Dahlberg v. Johnson's Estate, 70 Idaho 51, 211 P.2d 764, 11 A. L.R.2d 1365.

Appellants assign error of the trial court in fixing the rental value of the Gardner place at $60 per month, asserting that the only proof advanced is the testimony of appellant Reid Watkins that such reasonable value was $75 a month. Such is not the case; the owner, appellant Emma L. Watkins, testified as to the rental value of the house as remodeled under cross-examination without objection that if respondent had to pay rent for the place "it would have cost him

"$50.00 a month, or $25.00 at least." The trial court's finding is within the scope of such conflicting evidence.

Appellants also assign error of the trial court in finding the value of the old house on the Gardner place, prior to its having been remodeled by respondent, to have been $500 as against the testimony in respondent's case that its value was $1,000. The testimony in respondent's case is by Mr. Gardner who built the original house about 1929, with lumber and materials costing "somewhere between ninety and a hundred dollars," and that he and a neighbor built it by exchanging labor; also, that of the carpenter who worked remodeling the old house, that it could be constructed for around $1,000; also by the owner, appellant Emma L. Watkins, on cross-examination, that $640 worth of lumber went into the old house. Again, the trial court's finding is within the scope of conflicting evidence.

The findings made by the trier of facts, supported by substantial, competent though conflicting evidence, however meager, will not be disturbed on appeal. Nelson v. Altizer, 65 Idaho 428, 144 P.2d 1009; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347; Driesbach v. Lynch, 71 Idaho 501, 234 P.2d 446; Smith v. Cooper, 73 Idaho 99, 245 P.2d 816.

Appellants assign errors of the trial court in overruling their objections to certain of respondent's adduced evidence as being hearsay, too remote, outside the issues, not binding on appellant Reid Watkins, and no foundation laid, particularly relating to respondent's expenditures for the improvements which he placed on the land.

At the outset the court ruled that the complaint stated a cause of action as relating to respondent's improvements on the Gardner place. Respondent, as a condition to recovery of compensation for the improvements, was required to show the inducement or promise under which he went into possession of the property and made the improvements. Conversations relating thereto between appellant mother and respondent whereby respondent continued to help farm his mother's land, the mother's consent that he remodel the dwelling house and her promise to sell the Gardner place to him at a future time, tended to show the agreement between the mother and respondent. No prejudice thereby resulted to Reid Watkins, since he took the premises subject to the rights of respondent therein by reason of such appellant's acquired knowledge of the agreement and the improvements which respondent made in good faith in reliance on such agreement, before such appellant purchased the land and evicted respondent; and respondent, seeking compensation for the improvements, was required to show his expenditures therefor and value of the premises as so improved.

Anderson v. Whipple, supra; Barker v. McKellar, supra.

■ Appellants assign error of the trial court in finding that respondent had repaid all sums loaned him by appellant Reid Watkins between December, 1946, and March 12, 1951, aggregating $9,585. Respondent plead full payment, as well as the bar of the statute of limitations. Appellant Reid Watkins limited his proof to the sum of $4,960 loans which he had made to respondent, on which the remedy of legal action had not been barred by the statute of limitations. Appellant Reid Watkins admitted a payment of $124.41 to the loan account by machinery purchased for him by respondent; he admitted having received a $4,000 draft from respondent but would not venture an explanation therefor; further, he was evasive in his testimony relating to $1,235 worth of grain which respondent delivered to him during 1950, as well as regarding accounts between them relating to pasture and clover seed.

Under the circumstances of the case sufficient evidence was elicited upon cross-examination to justify the court in finding as it did that the loan account between appellant Reid Watkins and respondent, his brother, had been fully paid; particularly is this true in the light of the rule that if any circumstances appear which would justify a reasonable person in disregarding the statements of a witness, or if the testimony is inherently improbable, or rendered improbable by facts and circumstances, it may be disregarded, even though not directly challenged. Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 74 P.2d 171; Anderson v. Ruberg, 66 Idaho 417, 160 P.2d 456.

■ Appellants next assign error of the trial court in entering judgment in respondent's favor in any amount, and particularly for $5572 based upon the values found as hereinbefore set forth.

The trial court's controlling findings are: that respondent expended $4866.24 for labor, material and fixtures in remodeling the dwelling house, and his labor of the reasonable value of $300 in leveling some six acres of land. The evidence, though conflicting, is sufficient to support such findings; also to show that the land and premises were enhanced in value at least to the extent of such expenditures as of March 1, 1953, when appellant Reid Watkins demanded delivery of the property. Respondent's relief must thusly be measured, against which must be charged the reasonable rental value of the premises for the period he occupied the same after March 1, 1953, as found by the trial court. Barker v. McKellar, 50 Idaho 226, 296 P. 196; Rzeppa v. Seymour, 230 Mich. 439, 203 N.W. 62; Dyksterhouse v. Ohl, 330 Mich. 599, 48 N.W.2d 122; Fox v. Faulker, 222 Ky. 584, 1 S.W.2d 1079; Crawford v. Smith, 127 Wash. 77, 219 P. 855; Griffin v. Griffin, 206 Ala. 489, 90 So. 907; Stewart v. Wheatley, 182 Md. 455, 35 A.

2d 104; Board of Com'rs of Roxboro v. Bumpass, 237 N.C. 143, 74 S.E.2d 436; Pritchard v. Williams, 181 N.C. 46, 106 S. E. 144; 24 Am.Jur. 276–277; 42 C.J.S., Improvements, § 6, pages 428–429.

 A value cannot be placed upon respondent's own labor expended in remodeling the dwelling house, since the record is silent as to the amount or kind, or other basis upon which to figure the value, of any such labor, or the enhanced value of the property because of such labor.

 The following summarizes the bases and the amount of respondent's relief to which he is entitled:

Expenditures remodeling the dwelling house and enhancing value of property .......... $4,866.24
Land leveling enhancing value of property ............... 300.00
$ 5,166.24
Less rent for premises from March 1, 1953, to March 22, 1954 @ $60 a month ......... 780.00
Amount of respondent's judgment entitlement .......... $4,386.24

The trial court did not err in decreeing the judgment a lien upon the real property described in respondent's complaint. Barker v. McKellar, supra.

The evidence is sufficient to support personal judgment against appellant Emma L. Watkins but insufficient to support personal judgment against appellant Reid Watkins.

The personal judgment of the trial court in favor of respondent against appellant Reid Watkins is vacated.

The trial court is ordered to reduce the personal judgment in favor of respondent against appellant Emma L. Watkins, and the lien of such judgment against the real property described in the trial court's decree, to the sum of $4,386.24.

The judgment and decree of the trial court in all other particulars are affirmed.

No costs allowed.

TAYLOR, C. J., and KEETON and PORTER, JJ., and SUTPHEN, D. J., concur.