ELMER *v.* ELMER.

1. WILLS—AGREEMENT TO MAKE PARTICULAR DISPOSITION OF PROPERTY.

A person may enter into a valid agreement binding himself to make a particular testamentary disposition of his property.

2. SAME—CONTRACTS—BENEFICIARIES—REVOCATION—INJUNCTION.

Wills executed pursuant to an agreement between testators cannot be changed by one without the consent of the other and upon death of one testator the beneficiary under will of survivor may enjoin an attempted revocation of surviving testator's will.

3. Contracts—Expression of Intention.

   A mere expression of intention to do something in the future does not make a binding contract.

4. Wills—Expressions of Intention—Evidence—Burden of Proof —Contracts—Change of Simultaneously Executed Wills.

   In suit to enjoin revocation of a will of living surviving parent leaving homestead to plaintiff, a son, evidence, consisting of expressions of intention of each parent to leave it to him, made before simultaneous execution of their wills *held,* insufficient to sustain his burden of proof that there was an agreement between the parents that neither would change the will without the consent of the other.

Appeal from Lenawee; Rathbun (George A.), J. Submitted April 10, 1935. (Docket No. 50, Calendar No. 38,346.) Decided May 17, 1935.

Bill by George D. Elmer against Josie D. Elmer to enjoin revocation of a will and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Bulkley, Ledyard, Dickinson & Wright (Robert W. Conder* and *Max L. Veech,* of counsel), for plaintiff.

*Frank J. Riley (Clayton C. Golden,* of counsel), for defendant.

Edward M. Sharpe, J. Mr. and Mrs. Elmer owned a piece of property located at Front and Navarre streets in Monroe, Michigan. They occupied this property as a homestead since 1890. They had six children, plaintiff being the youngest child. Plaintiff left Monroe in 1906 and was away until 1915. From 1915 to 1918 he worked in Toledo and in 1918 joined the army. In 1920, he established a small business in Detroit and was engaged in this from 1921 to 1924. Whenever plaintiff was home he helped work about the premises and upon numerous occasions attended his parents during periods of illness.

On October 20, 1920, both Mr. and Mrs. Elmer executed wills at the same time and place as well as in the presence of each other. Each will contained a provision that plaintiff should receive the homestead upon the death of the survivor of his father and mother. On September 1, 1921, Mr. and Mrs. Elmer executed codicils to their wills in which the devise of the homestead to plaintiff in each will was affirmed. The codicils were executed at the same time and place and in the presence of each other. The father died in September, 1923, without having changed his will and the mother, defendant herein, has executed a new will in which the homestead is not devised to plaintiff, but left to Frances, a daughter of defendant.

It is the claim of plaintiff that his father and mother having made wills pursuant to an agreement between them that the homestead would be devised to him upon the death of the survivor of his father and mother, and his father having died without changing his will, that the mother cannot now breach the agreement and leave the property to any one other than plaintiff.

The trial court found in favor of defendant, holding that plaintiff had failed to show an agreement as alleged in his bill of complaint. Plaintiff appeals.

The law is clear, a person may enter into a valid agreement binding himself to make a particular testamentary disposition of his property. *Faxton* v. *Faxon*, 28 Mich. 159. It is also well settled that wills executed pursuant to an agreement between the testators cannot be changed by one without the consent of the other, and that upon the death of one testator the beneficiary under the will of the survivor may enjoin an attempted revocation of the surviving testator's will. *Carmichael* v. *Carmichael,* 72 Mich. 76 (1 L. R. A. 596, 16 Am. St. Rep. 528); *Smith* v.

*Thompson,* 250 Mich. 302 (73 A. L. R. 1389). However, a mere expression of intention to do something in the future does not make a binding contract. *Paris* v. *Scott,* 267 Mich. 400. "Care must also be taken lest the court, out of considerations of equity or sympathy, make a contract for the parties where none existed, even though such contract might or would express their desires." *Paris* v. *Scott, supra.*

The precise question in the instant case is: Did Mr. and Mrs. Elmer make a contract for the intents and purposes as contended by plaintiff?

From an examination of the record we find that both wills were made at the same time and each was read over in the presence of both testators, but without anything said to the attorney who drew both wills, and a fair inference from the testimony is that when both wills were changed the change was made with the consent of both testators.

From an analysis of the testimony, we find the plaintiff testifying that in 1915 his father and mother told him:

"That it was their definite idea, their definite intention, their definite agreement, that the homestead was to be mine, that I was to have that."

That on or about November 1, 1919, plaintiff's father and mother stated to him that their plans were maturing in regard to the very definite disposal of the homestead to plaintiff and that later plaintiff's mother said to him, "this is your home, and you know now that it will always be your home."

Stanley Grant, a witness produced by plaintiff, testified that in 1920 he heard Mr. Elmer tell plaintiff that for the next 50 years you will be putting coal on this fireplace, and upon another occasion said, "we intend that George should have the place anyway after we are through with it, and it is well that

he does these things around it." Further, at no time did Mr. and Mrs. Elmer discuss with witness anything relating to an agreement or contract as contended by plaintiff.

Charles J. Cooley, a witness produced by plaintiff, testified that while plaintiff was in the army, Mr. Elmer said that plaintiff would get the homestead. Similar expressions were made after plaintiff returned from service but prior to the making of the wills. On the other hand, the defendant, Mrs. Elmer, testified that the wills made by herself and husband were not made pursuant to any agreement, understanding or contract that they would be made a certain way.

We agree with the trial court in his finding when he said:

"Therefore, this court is of the belief that the proofs merely establish the fact that there was a desire—you might say a mutual agreement—between them at the time, that they then wished their son to have this property when they were both through with it. But there is not sufficient evidence in my judgment to establish by any slight preponderance any agreement between Mr. and Mrs. Elmer that neither would change the wills that were made without the consent of the other. And it is necessary to establish that in order for the plaintiff to prevail."

The decree is affirmed, with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.