TRUEDELL *v.* LUDINGTON STATE BANK.

1. Wills — Specific Performance — Oral Agreement to Leave Property in Return for Care—Evidence.
   In suit by granddaughter of decedent for specific performance of his alleged oral agreement to leave 40-acre farm and personalty to her if she and her husband would move on the premises and care for him during his lifetime, evidence *held,* insufficient to establish contract.

2. Specific Performance—Lack of Mutuality.
   Specific performance of a contract will be refused where there is an entire lack of mutuality of obligation.

Appeal from Mason; Cutler (Hal L.), J. Submitted June 11, 1935. (Docket No. 78, Calendar No. 38,285.) Decided November 12, 1935. Rehearing denied December 10, 1935.

Bill by Gertrude Truedell against Ludington State Bank, administrator of estate of Peter Jebavy, deceased, for specific performance of a contract to convey lands. Bill dismissed. Plaintiff appeals. Affirmed.

*F. E. Wetmore,* for plaintiff.

*Wilfrid Hocking,* for defendant.

North, J. The bill of complaint herein was filed for specific performance. Upon hearing in open court, the relief sought was denied. Plaintiff has appealed.

Peter Jebavy in his lifetime was the owner of a 40-acre farm in Mason county. At the time of his death he was said to have been 78 years of age. By the terms of his will, which was admitted to probate,

he left to plaintiff about $800 in liberty bonds; but the balance of his estate he left to a nephew, Peter Paul Jebavy. The defendant, Ludington State Bank, was appointed executor of the Jebavy estate. Plaintiff is the daughter of decedent's only child. In her bill of complaint she alleges that about two years prior to the death of her grandfather he agreed "to and with this plaintiff, that if she and her husband would move onto said premises (the 40-acre farm) and take care of him during his lifetime, that after his death the said premises, together with all the personal property thereon, would be the property of this plaintiff." It is the specific performance of this alleged oral agreement which plaintiff seeks to have decreed.

The circuit judge found that the testimony in the case was insufficient to establish the alleged contract and to justify rendering a decree for specific performance. Several witnesses testified in behalf of plaintiff; but very much of such testimony is to the effect that the deceased had promised to give his property to plaintiff or that he stated he had or would will it to her, rather than that the parties had entered into a contract of the character asserted by plaintiff. It is clear that plaintiff and her husband took up their residence on the 40-acre farm about two years before the death of Mr. Jebavy and that during this period the parties resided together, also that plaintiff and her husband cared for Mr. Jebavy during the balance of his lifetime excepting the two months he was in a hospital immediately preceding his death. It is appellee's contention that the matter of plaintiff and her husband residing with Mr. Jebavy upon his farm was as much or more a benefit to plaintiff and her husband than it was to the deceased, and that there was no contract relation such as plaintiff alleges between herself and Mr. Jebavy.

A careful consideration of the record in this case fails to disclose testimony from which the alleged contract relation can be found. It would serve no purpose to detail the testimony of the several witnesses produced by plaintiff in an effort to establish the alleged contract. It is a fair inference from the testimony of these witnesses that Peter Jebavy made various declarations concerning what he had done or expected to do relative to a disposition of his property. But it falls short of establishing a contract between him and plaintiff whereby she engaged to care for him during the balance of his life and in consideration thereof he agreed to leave her all the property of which he died seized. The record justifies the following summary of the testimony by the circuit judge:

"One witness said he (Jebavy) would leave it all to Gertie; when he was gone he would leave it to Gertie. One witness testified he said he had his will made leaving the property to Gertie after he died; that doesn't prove anything. He had a right to change his will, and he did change it before he died. * * * Another one said he gave everything to Gertie; that doesn't make a contract. Another one said 'he was going to give the farm to Gertrude.' He might have said that and then changed his mind. That doesn't make a contract. * * * I am not saying the contract was not made, but I am saying there is no satisfactory proof before this court of any particular, specific contract."

The decree entered in the circuit court dismissing plaintiff's bill of complaint is affirmed, with costs to appellee.

POTTER, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.