VAN CAMP *v.* VAN CAMP.

1. Specific Performance—Son's Contract to Work Farm and Receive It on Mother's Death—Evidence—Performance.
    In suit for specific performance of alleged oral contract between mother and son, entered into after father's death, that he was to work the farm on a share-and-share-alike basis and that upon her death he was to have the farm upon payment of $200 each to his brother and sisters, evidence *held*, to indicate parties entered into agreement as claimed and to show conclusively that it was performed by the son until mother took some action to evict him from the farm.

2. Same—Equity—Jurisdiction.
    A court of equity has the power to compel the specific performance of a parol contract to convey land where the contract has been fully performed on the part of the vendee.

3. SAME—POSSESSION UNDER AN ORAL CONTRACT—PAYMENT OF PUR-
CHASE PRICE—DAMAGES.

The reason why taking possession under an oral contract is recog-
nized as a ground for specific performance, when payment of
the purchase price is not, is that in one case there is no stand-
ard for the estimate of damages when the contract is repudi-
ated, and in the other there is a standard that is definite and
certain.

4. FRAUD, STATUTE OF—USE OF VOID CONTRACTS.

An agreement void under the statute of frauds cannot be con-
sidered for the purpose of measuring damages, fixing consid-
eration, or for any other purpose.

5. CONTRACTS—EXPRESSION OF INTENTION TO DO SOMETHING IN
FUTURE.

A mere expression of intention to do something in the future
does not make a binding contract.

6. SPECIFIC PERFORMANCE—LACK OF MUTUALITY OF OBLIGATION.

Specific performance of a contract will be refused where there is
an entire lack of mutuality of obligation.

7. SAME—ORAL CONTRACTS TO DEVISE PROPERTY.

In order that specific performance may be granted of a parol
contract, it must be mutual and the tie reciprocal and it must be
certain in all essential particulars; there must be acts of part
performance unequivocally referring to and resulting from the
agreement which, as set up in the bill of complaint, must
appear to be the one claimed to have been performed.

8. SAME—ORAL CONTRACTS TO DEVISE PROPERTY—PERFORMANCE—
MONEY DECREE.

A court of equity is the proper forum to enforce oral contract
of mother to leave farm to son at her death in consideration of
his working the farm on a share-and-share-alike basis, where
son had performed contract as far as permitted, and, having
rightfully assumed jurisdiction, could grant appropriate relief
by way of money decree.

9. EQUITY—RELIEF ADAPTABLE TO PECULIAR FACTS OF CASE.

Courts of equity are not bound to give any stereotyped form of
relief but readily adapt the relief to the peculiar facts of the
case to the end that the decree entered shall effectuate justice.

10. SPECIFIC PERFORMANCE—ORAL CONTRACTS TO DEVISE PROPERTY—
LIEN FOR IMPROVEMENTS AND ADVANCEMENTS.

After son had performed his part of oral agreement to work farm
on share-and-share-alike basis in consideration of mother's

promise to leave it to him at her death, until she conveyed the premises to other children, who are also defendants, in consideration of love and affection, and then attempted to evict plaintiff, chancery court properly imposed a lien on the premises to secure plaintiff's claim for improvements and money advanced and to prevent the mother from committing a fraud upon plaintiff.

11. LIENS—EQUITY—JURISDICTION.
Equitable liens and method of their enforcement are peculiarly within jurisdiction of equity courts.

12. SAME—INCIDENT OF A CONTRACT.
A lien is not a collateral contract but is a right or claim against some interest in property created by law as an incident of the contract.

13. SAME—EQUITY—FRAUD—ACCIDENT—MISTAKE.
Equity will create a lien only in those cases where the party entitled thereto has been prevented by fraud, accident or mistake from securing that to which he was equitably entitled.

14. SAME—BURDEN OF SHOWING EQUITY.
Equity from the relations of the parties may declare an equitable lien out of considerations of right and justice, based upon the fundamental principles of equitable jurisprudence; but one seeking to establish a lien must show that in equity, in good conscience, he is entitled to lien claimed.

15. SAME—ENFORCEMENT OF DECREE.
Decree for money judgment for value of improvements and amount of advancements under an agreement, which imposed a lien on land and authorized sale eight months thereafter, is ordered enforced in accordance with provisions of statute relative to enforcement of chancery decrees by execution (3 Comp. Laws 1929, § 14685).

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted October 4, 1939. (Docket No. 33, Calendar No. 40,453.) Decided December 20, 1939.

Bill by Justin Van Camp against Frances Van Camp, Howard A. Van Camp, Pearl Mortimore and Lula M. Rankin for specific performance of an oral

contract to convey land or in the alternative a money decree for sums advanced and an injunction to restrain eviction proceedings. From a money decree for plaintiff, defendants appeal. Affirmed.

*Paterson & Paterson,* for plaintiff.

*Geo. W. Des Jardins (R. L. Taylor,* of counsel), for defendants.

SHARPE, J. Plaintiff filed a bill of complaint to restrain defendant Frances Van Camp from evicting him from possession of a farm; and for specific performance of a partly performed oral contract to convey the farm, or the alternate relief of a determination of the value of permanent improvements to the farm and money advanced under such agreement and that such amount be decreed to be a lien upon the farm.

In 1908, Frances Van Camp and husband purchased the 120-acre farm in question for $5,500, paying $500 as a down payment. In 1912, plaintiff became 21 years of age and lived on the farm with his parents. In 1920, plaintiff was promised and received one-third of the crops for helping with the farm work. In 1922, plaintiff's father died; and at this time there was $2,400 of the purchase price of the farm unpaid, of which $800 was paid from the father's life insurance and the balance of $1,600 was paid by 1926. The money to pay this balance was derived from the income from the farm. On the death of the father, plaintiff made different arrangements with his mother relating to the operation of the farm. Plaintiff was to continue to operate the farm, to use the old machinery and his mother's horse, but plaintiff was to furnish all needed and additional machinery and each was to receive one-half of the returns from the farm.

In addition to the income that plaintiff received from the farm, he also received an income from the purchase and sale of live stock. During the years that plaintiff lived on the farm, he made improvements upon the property by building a barn of the value of $550 and an implement shed valued at $350; loaned his mother $507; and performed other services and expended moneys. The trial court found that plaintiff was entitled to $3,107.45 for improvements and moneys paid for the benefit of defendant Frances Van Camp and impressed a lien upon the farm to secure its payment.

It is the claim of plaintiff that he entered into an oral contract with his mother whereby he was to work the farm on a share-and-share-alike basis and upon her death he was to receive the farm, subject to the payment to his brother and two sisters of $200 each; that his mother breached the contract by attempting to evict him and to convey the property to other members of the family; and that he is entitled to a lien on the premises to secure the payment of damages due him as a result of the breach of contract on the part of his mother.

Defendants urge that no contract existed and rely upon *Groening* v. *McCambridge,* 282 Mich. 135; *Truedell* v. *Ludington State Bank,* 273 Mich. 390; and *Elmer* v. *Elmer,* 271 Mich. 517; and that a money judgment should not have been rendered nor was plaintiff entitled to a lien upon the premises to secure such claimed amount.

The trial court made the following finding of facts:

"During the many years the parties have worked together, taxes on the land were quite an item, especially before the amendment to the law affecting taxes on farm lands. During the years the plaintiff worked the farm, he made some money for himself. The manner in which he worked, and the improve-

ments made upon the buildings and farm, lend force to his claim he had been promised the farm, and expected it would be his at his mother's death. He spent considerable time and money clearing the farm of stones, he built new fences and repaired others. He constructed buildings on the farm, and repaired all the others with the exception of the corn crib. He went so far as to cement the barnyard.''

We find it unnecessary to detail the testimony of the several witnesses produced by plaintiff. It is sufficient to say that such testimony clearly indicates that mother and son entered into such an agreement as is claimed by plaintiff. The record conclusively shows that this agreement was performed by plaintiff until defendant took some action to evict him from the farm.

In *Duncan* v. *Duncan*, 288 Mich. 306, we said:

''For many years our court has adhered to the rule that a court of equity has the power to compel the specific performance of a parol contract to convey land which contract has been fully performed on the part of the vendee. *Twiss* v. *George*, 33 Mich. 253; *Lamb* v. *Hinman*, 46 Mich. 112; *Taft* v. *Taft*, 73 Mich. 502; *Woodworth* v. *Porter*, 224 Mich. 470; *Salsbury* v. *Sackrider*, 284 Mich. 493; *Mayes* v. *Central Trust Co.*, 284 Mich. 504.''

In *Denevan* v. *Belter* (syllabus), 232 Mich. 664, we held:

''Where plaintiffs fulfilled every obligation under their oral contract, such part performance was sufficient to take the case out of the statute of frauds, although because of the death of the other party, their services were required for only a few weeks.''

In *Lamb* v. *Hinman*, 46 Mich. 112, the court said:

''The reason why taking possession under an oral contract is recognized as a ground for specific per-

formance when payment of the purchase price is not, is that in one case there is no standard for the estimate of damages when the contract is repudiated, and in the other there is a standard that is definite and certain. A purchaser who takes possession of land under an oral purchase is likely in so doing to change very considerably—perhaps wholly—the general course of his life as previously planned by him.''

See *Willard* v. *Shekell,* 236 Mich. 197; *Smith* v. *Thompson,* 250 Mich. 302 (73 A. L. R. 1389).

We have examined the cases cited by defendants, but find that they involve facts which are distinguishable from those involved in the case at bar. In *Thorbahn* v. *Walker's Estate,* 269 Mich. 586, there was no performance of the agreement, and we correctly held that an agreement void under the statute of frauds cannot be considered for the purpose of measuring damages, fixing consideration, or for any other purpose. In *Elmer* v. *Elmer, supra,* we held that a mere expression of intention to do something in the future does not make a binding contract. In this case, we affirmed the finding of the trial court that there was no agreement that the father and mother would make wills devising the homestead to the son. In *Truedell* v. *Ludington State Bank, supra,* we held that specific performance of a contract will be refused where there is an entire lack of mutuality of obligation. We also said, ''But it falls short of establishing a contract between him and plaintiff whereby she engaged to care for him during the balance of his life and in consideration · thereof he agreed to leave her all the property of which he died seized.''

In *Groening* v. *McCambridge, supra,* we held that specific performance may not be had of an alleged oral contract to devise property where its terms are

not clearly and unmistakably established by words and conduct of the parties and circumstances. We there said:

"The record at bar is wholly barren of testimony that during the lifetime of Mrs. Schmidt either party thought there was a contract to give the property; and there was no evidence of specific services to be rendered by Mary in consideration of an agreement to devise. The court cannot make a contract for the parties and then enforce it."

Defendants also urge that a money judgment should not have been rendered. In the case at bar, plaintiff's bill of complaint prayed for specific performance of the oral agreement or the alternate remedy of a lien upon the property for such damages as might be found due. It is a well-established rule that a court of equity is the proper forum to enforce the kind of oral contract plaintiff alleged in his bill of complaint, *Carmichael* v. *Carmichael,* 72 Mich. 76 (1 L. R. A. 596, 16 Am. St. Rep. 528); and 66 A. L. R. 1439, and a court of equity, having rightfully assumed jurisdiction, may grant appropriate relief. In the case at bar, the trial judge concluded that a money judgment was the most satisfactory manner of settling the affairs of the litigants. We are in accord with the determination of the trial court.

In *Chantland* v. *Sherman,* 148 Iowa, 352 (125 N. W. 871), the court said:

"The situation is somewhat novel, but courts of equity are not bound to give any stereotyped form of relief. They readily adapt the relief to the peculiar facts of the case, and their sole concern is that the decree entered shall effectuate justice."

Defendants next urge that plaintiff was not entitled to a lien upon the premises. It appears that

in 1937 defendant Frances Van Camp conveyed the premises to her three children, defendants herein, the only consideration for such conveyance being love and affection. Moreover, she attempted to evict plaintiff. Under such circumstances the chancery court did not exceed its powers in fastening a lien upon the premises to secure plaintiff's claim and to prevent defendant Frances Van Camp from committing a fraud upon plaintiff.

In *Kelly* v. *Kelly*, 54 Mich. 30, 48, the court said:

"If a party pays money under such a void contract he may recover it back in assumpsit, but a court of equity will not create a lien upon real estate in favor of the party paying unless, from the nature of the transaction, rights have sprung up which ought to be held binding upon the specific property."

In *Barnard* v. *Huff*, 252 Mich. 258 (77 A. L. R. 259), this court held:

"Equitable liens and the method of their enforcement are peculiarly within the jurisdiction of equity courts."

In *Cheff* v. *Haan*, 269 Mich. 593, the court said:

"A lien is not a collateral contract. It is a right or claim against some interest in property created by law as an incident of the contract. * * *

"Equity will create a lien only in those cases where the party entitled thereto has been prevented by fraud, accident or mistake from securing that to which he was equitably entitled. * * *

"In the absence of such a written contract, equity from the relations of the parties may declare an equitable lien out of considerations of right and justice based upon the fundamental principles of equity jurisprudence, * * * but in all cases, the person seeking to establish the lien must show that in equity, in good conscience, he is entitled to the lien claimed."

In the case at bar the decree was signed July 18, 1938, and the sale was not authorized under the decree until March 18, 1939.   The decree will be enforced in accordance with 3 Comp. Laws 1929, § 14685 (Stat. Ann. § 27.1649).

The decree is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH and MCALLISTER, JJ., concurred.