### WEISER *v.* LASZLO.

1. JOINT TENANCY—SURVIVORSHIP—PERSONAL PROPERTY.
   Survivorship rights in personal property may be created by agreement 'of the parties.

2. HUSBAND AND WIFE—CHATTEL MORTGAGES—SURVIVORSHIP.
   Assignment by mortgagors under chattel mortgage running to a husband and wife as mortgagees, whereby mortgagors surrendered their interest to mortgagees in consideration of assumption by latter of outstanding debts and checks, *held,* merely to extinguish the security and revest mortgagees with title in exactly the same manner as it was prior to the sale of the property incident to which the mortgage had been given and in which each had owned an undivided one-half interest, where assignment contained no language creating survivorship rights in the spouses (3 Comp. Laws 1929, § 13071).

3. SAME—SURVIVORSHIP—EXTINGUISHMENT OF CHATTEL MORTGAGE.
   The fact that survivorship rights existed in spouses in chattel mortgage running to them as mortgagees incident to their sale of a confectionary business does not establish the same rights

after the mortgage was extinguished by the assignment of the mortgagors in consideration of the mortgagees' assumption of outstanding debts and checks of the mortgagors (3 Comp. Laws 1929, § 13071).

4. SAME—SURVIVORSHIP RIGHTS IN PERSONAL PROPERTY—EXPRESSIONS OF TESTAMENTARY INTENT.

That deceased wife had indicated by statements, testamentary in character, that she intended her husband to have everything at her death does not establish survivorship rights in personal property in him as an expression of intention to perform a future act does not create a contract.

5. EXECUTORS AND ADMINISTRATORS—SUIT FOR ACCOUNTING BY DECEASED'S SURVIVING SPOUSE—LACHES.

Administrator, appointed on April 21, 1939, to represent estate of woman who died on February 26, 1935, and brought suit against her husband on May 22, 1939, for accounting as to personal property in which they had each owned an undivided half interest *held*, not guilty of laches requiring dismissal of bill.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 13, 1940. (Docket No. 83, Calendar No. 41,197.) Decided October 7, 1940.

Bill by Edward A. Weiser, administrator of the estate of Susan W. Laszlo, deceased, against Alexander Laszlo and Joseph C. Garney to set aside a sale of property and for an accounting. Decree for plaintiff. Defendant Laszlo appeals. Affirmed.

*Lewis Daniels* (*Joseph B. Beckenstein,* of counsel), for plaintiff.

*Jesse Drake* and *Charles A. Bryan,* for appellant.

CHANDLER, J. Susan W. Laszlo, at the time of her marriage to defendant Laszlo in 1910, was the owner of real estate and a confectionary store located in the city of Detroit. Subsequent to the marriage, both parties devoted their efforts to the operation of

the confectionary store, and defendant Laszlo invested some funds possessed by him in the business. By 1927, through their joint efforts, assisted by the aid of minor children of Mrs. Laszlo by a former marriage, the enterprise had a value of some $20,000. On October 31, 1927, the business was sold to Edward A. Weiser and Stephen A. Weiser, two of said minor children, who made a down payment of $4,000 in the form of a promissory note and gave a chattel mortgage as security for the balance of the purchase price, said mortgage being payable to Alexander Laszlo and Susan Laszlo, his wife, as mortgagees.

On December 16, 1931, the purchasers, being unable to conduct the business profitably, surrendered the store to Laszlo and his wife, the parties at that time executing the following agreement:

"Whereas, Alexander and Susan W. Laszlo, hold a chattel mortgage dated January 2, 1931, on fixtures and stock located at 7912 W. Jefferson Ave., Detroit, Michigan, owned by Edward A. Weiser and Stephen A. Weiser, and whereas Alexander and Susan Laszlo are about to foreclose on said chattel mortgage, and

"Whereas Edward A. Weiser and Stephen A. Weiser have agreed to assign their interest in said stock and fixtures and business, known as Laszlo Cigar Store located at 7912 W. Jefferson, Detroit, Michigan.

"Therefore, in consideration that Edward A. Weiser and Stephen A. Weiser assign all right, title, and interest in said chattel mortgage above named and in the business known as Laszlo Cigar Store. Alexander Laszlo and Susan Laszlo, do hereby accept said assignment, and agree to assume and pay all outstanding debts incurred by Edward A. and Stephen A. Weiser in the business as Laszlo Cigar Store, and agree to assume and pay all outstanding checks issued by said Stephen A. and Edward A. Weiser in said business.

"Also Stephen A. Weiser and Edward A. Weiser, do hereby, in consideration of the above agreements, assign all their right title and interest in and into above-named chattel mortgage and in said Laszlo Cigar Store.

"This agreement signed and delivered this 16th day of December, A. D., 1931.

EDWARD A. WEISER,
STEVEN A. WEISER,
ALEXANDER LASZLO,
SUSAN W. LASZLO."

Susan Laszlo died on February 26, 1935, and on April 21, 1939, plaintiff was appointed administrator of her estate. On April 17, 1937, Alexander Laszlo, proceeding on the theory that he was the sole owner of the confectionary business by right of survivorship, sold the same to defendant Garney. Thereafter, the bill of complaint herein was filed, praying for an accounting for the proceeds of the operation of the store from the date of death of Susan Laszlo, for an accounting of the sums received by Laszlo as the purchase price of said business, and for other relief.

The matter was referred to a commissioner who took testimony and made findings of fact and concluded, as a matter of law, that sole ownership of the business vested in Alexander Laszlo upon the death of his wife by right of survivorship. The trial court, however, entered a decree adjudging the estate of Susan Laszlo to be entitled to an undivided one-half interest in said business, including the gross proceeds and profits from the date of her death. Defendant Laszlo appeals from the decree so entered.

The testimony taken before the commissioner is not made a part of the record. His findings of fact were not excepted to by defendants and were ac-

cepted by plaintiff. Exceptions were filed to his conclusions of law by plaintiff.

The commissioner found from all the facts and circumstances that an agreement existed to create survivorship rights in the personal property in question.

Survivorship rights in personal property may be created by agreement of the parties, *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468, and it remains to be determined if such an agreement is to be found in the instant case.

It appears that subsequent to the marriage deceased conveyed certain real estate to a third party, who in turn reconveyed the same to deceased and appellant, creating therein a tenancy by the entireties. The mortgage taken at the time the confectionary business was sold to the sons named deceased and appellant as mortgagees, thus creating survivorship rights therein by virtue of the provisions of 3 Comp. Laws 1929, § 13071 (Stat. Ann. § 26.211). Also, deceased was shown on occasions to have stated that upon her death appellant was to have everything.

We are of the opinion, however, that the facts recited are not sufficient to sustain the claims of appellant. Although survivorship rights existed in the mortgage by operation of the statutory provisions, that security became extinguished and merged when the sons assigned their interest in the business to the parents, the mortgagees, by the instrument hereinbefore quoted in full. The instrument contained no language which would create survivorship rights, and, so far as its operation alone was concerned, title was revested in deceased and her husband in exactly the same manner as it was prior to the sale to the sons and the execution of the mortgage by them. Under the provisions of

this instrument, each owned an undivided one-half interest in the business. The fact that survivorship rights existed in the mortgage by virtue of the cited statute does not establish the agreement to create survivorship rights after the mortgage was extinguished.

The additional fact that deceased indicated by statements, testamentary in character, that she intended appellant to have everything at her death does not alter the conclusion reached. It does not establish the agreement for survivorship rights which appellant claims was present. An expression of intention to perform a future act does not create a contract. *Elmer* v. *Elmer*, 271 Mich. 517.

The conclusion of the commissioner that a contract to create survivorship rights in said personal property was entered into was a conclusion of law, unsupported by his findings of fact.

Appellant claims that plaintiff is guilty of laches and that the bill of complaint should be dismissed. Plaintiff was appointed as administrator of the estate on April 21, 1939. The bill of complaint was filed on May 22, 1939. We fail to find that he has been guilty of laches.

The decree is affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Boyles, North, McAllister, Wiest, and Butzel, JJ., concurred.